Roselle v. Farmer's Bank of Norborne.

---

ROSELLE, *Appellant*, v. FARMERS' BANK OF NORBORNE.

Division One, December 23, 1893.

1. **Interpleader: LOTTERY DRAWING: COLLECTION OF PROCEEDS.** In an action to recover money collected by the defendant as the proceeds of a lottery drawing, where the answer alleges that six persons besides the plaintiff own an interest in the fund, defendant is entitled to a rule on them to interplead.

2. ———: ———. A judgment against the defendant, in such case, distributing the fund among the several persons alleged in the answer to be its owners, without first making them parties to the suit, is erroneous.

*Appeal from Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

REVERSED AND REMANDED.

*Hale & Son* and *J. W. Sebree* for appellant.

(1) The facts in this case did not constitute the purchase of lottery tickets in the state of Louisiana, but was a sale of an interest in lottery tickets in the state of Missouri, and the case falls within the rule announced in *Kitchen v. Greenbaum*, 61 Mo. 110. See Revised Statutes, 1889, sec. 3933; *Watson v. Mury*, 23 N. J. Eq. 257; *Fink v. Gallager*, 49 Conn. 124. (2) The statement in the answer that certain other persons therein named claimed a part of the proceeds of the draft and have notified defendant not to pay plaintiff, constitutes no defense. *Boyer v. Hamilton*, 21 Mo. App. 520; *Hathaway v. Foy*, 40 Mo. App. 540. (3) It was error to render judgment in favor of persons who were not parties to the suit.

*Morton Jourdan* for respondent.

(1) A sale of lottery tickets in the state of Louisiana to a citizen of this state was entirely legal and was no violation of the laws of this state. Laws of Louisiana (Acts 1868, p. 24); *Hanson v. Hatch*, 46 Mo. App. 332; *State v. Shaffer*, 89 Mo. 271; *State v. Wingfield*, 22 S. W. Rep. (Mo.) 363; *McIntyre v. Parks*, 3 Metcalf (Mass.) 207; *Kentucky v. Bosaford*, 6 Hill (N. Y.) 526; *Case v. Riker*, 10 Vt. 482; *Kling v. Fries*, 33 Mich. 275; *Jamison v. Gregory*, 4 Met. 363; *Holman v. Johnson*, Cowper 341; *Sortwell v. Hughes*, 1 Curtis 244; *Pellecat v. Angel*, 2 Cromp. Mees. & Ros. 311; *Antoine v. Smith*, 40 La. Ann. 560; *Greenwood v. Curtis*, 6 Mass. 358; *Com. v. Aves*, 19 Pick. 215. (2) It was within the discretion of the trial court to determine the question of costs when it found for defendant. (3) The finding as to costs will not be disturbed, unless it clearly and affirmatively appears that this discretion

has been abused. No such presumption can be indulged in this case. On the other hand the presumption must all be resolved in favor of the trial court. *Hannon v. Shotwell,* 55 Mo. 429; *Lewis v. Unnerstall,* 29 Mo. App. 474; *State v. Cunningham,* 100 Mo. 382; *Kennedy v. Nicholas,* 29 Mo. App. 11; *State v. Harkins,* 100 Mo. 666; *Eidemiller v. Kump,* 61 Mo. 340; *Campbell v. Coquard,* 16 Mo. App. 552; *Simpkins v. Simpkins,* 22 Mo. App. 25; *Johnson v. Lullman,* 88 Mo. 567; *Gaines v. Fender,* 82 Mo. 497; *Judy v. Bank,* 81 Mo. 404; *Erskine v. Lowenstein,* 82 Mo. 301; *McCain v. Anthony,* 21 Mo. App. 83. (4) The contract in this case has been executed. The three tickets purchased by the seven parties in interest drew prizes, which were paid to plaintiff, and the $2,568 draft received by him in payment was deposited with defendant and the proceeds of said draft were at the time this suit was instituted in possession of defendant and were by defendant brought into court. The claim of the other six interested parties (Long, Beckemier, Tassaro, Smith, McAuliffe and McCuistion) is for money had and received and the judgment of the trial court should be sustained. *Keyes v. Bank,* 52 Mo. App. 323; *Hanson v. Hatch,* 46 Mo. App. 332; *Cahn v. Kensler,* 34 Fed. Rep. 472; *Kentucky v. Bosaford,* 6 Hill (N. Y.) 526; *Martin v. Richardson,* 21 S. W. Rep. (Ky.) 1039; *Stix v. Matthews,* 63 Mo. 37; *McIntyre v. Parks,* 3 Met. (Mass.) 207; *Jamison v. Gregory,* 4 Met. (Ky.) 370; *Antoine v. Smith,* 40 La. Ann. 560; *Roach v. Type Foundry,* 21 Mo. App. 118; *McGrow v. Hamlin,* 29 Mich. 476; *Faikney v. Reynous,* 4 Burrows, 2069; *Ex parte Bulmer,* 13 Vesey, 316. (5) Is plaintiff to be permitted or to be heard to say that the contract of which he is the beneficiary, in which he is the principal participant, one formed at his special instance and urgent solicitation, is illegal and against public policy,

in order that he may be enabled to embezzle and appropriate the proceeds of the draft in which he has no other interest than one-seventh? We say no. *Hanson v. Hatch*, 46 Mo. App. 332; *Martin v. Richardson*, 21 S. W. Rep. 1039; *Armstrong v. Toller*, 11 Wheat. 258; *Catts v. Phalen*, 2 How. 376; *Holman v. Johnson*, Cowper, 341, 343; *Bank v. Bank*, 16 Wall. 483; *McBlair v. Gibbs*, 17 How. (U. S.) 232; *Brooks v. Martin*, 2 Wall. 70; *Warren v. Hewitt*, 45 Ga. 501; *Booeam v. Crane*, 103 Mass. 522; *DeLeon v. Trevine*, 49 Tex. 88; *Tenant v. Elliot*, 1 B. and P. 3; *Farmer v. Russell*, 1 B. and P. 296; *Cahn v. Kensler*, 34 Fed. Rep. 472; *Jamison v. Gregory*, 61 Ken. 363; *Express Co. v. Lucas*, 36 Ind. 369; *McGunn v. Hanlin*, 29 Mich 477; *Wilson v. Owens*, 30 Mich. 474; *Rothrock v. Perkinson*, 61 Ind. 46; *Orms v. Dauchy*, 82 N. Y. 443; *Com. v. Cooper*, 130 Mass. 288; Story's Conflict of Laws, sections 247 to 254. The courts will not lend their aid or give legal sanction to the attempt of plaintiff to appropriate this money—an act as morally criminal as theft or embezzlement.

BRACE, J.—In this action, the plaintiff seeks to recover the sum of $2,518.69 which he alleges in his petition the defendant received as the proceeds of a draft for that amount drawn by the Louisiana National Bank of New Orleans on Winslow, Lanier & Co., of New York, in favor of the plaintiff, and which was indorsed by him and delivered to the defendant to be collected for his account.

The defendant in its answer to plaintiff's petition, says: "It is true as charged in the petition that on the thirteenth day of January, 1891, plaintiff deposited with defendant a certain draft for the sum of $2,518.69, drawn and indorsed by the parties therein charged, but defendant alleges and charges that when said draft was

deposited as aforesaid it was the property in equal share of plaintiff and the following named persons, to-wit: John McAuliffe, Henry Beckemeir, John McCuistion, Charles S. Smith, George M. Long and Benj. Tassaro, each of said parties owning an undivided one-seventh interest in and to the same, and defendant says that said draft was held by said John E. Roselle in trust and as a trust fund for himself and the parties aforesaid, and when said draft was deposited with said defendant, as in the petition charged, it was deposited by said plaintiff in trust for and to the credit of the plaintiff and the parties aforesaid with instructions to this defendant that when said draft was collected the proceeds thereof, less the charges for collection, were to be divided and credited equally to the plaintiff and the parties aforesaid. Defendant denies that said plaintiff is the owner of or entitled to the entire proceeds of said draft, but admits and charges the interests as aforesaid.

"Defendant further answering says that the Louisiana State Lottery Company is a corporation duly organized under and by virtue of the laws of the state of Louisiana, and as such is engaged in a general lottery business in the selling of tickets and fractional parts thereof for regular monthly drawing. That on the sixteenth day of December, 1890, the plaintiff and John McAuliffe, Charles J. Smith, Benj. Tassaro, Henry Beckemeir, George M. Long and J. H. McCuistion, with three other parties, to this defendant unknown, entered into an agreement to buy ten one-twentieth tickets in the Louisiana state lottery at the city of New Orleans, in the state of Louisiana, for the drawing thereof, jointly and in partnership; that the parties last aforesaid furnished their proportionate share of the money necessary to pay for their interest as aforesaid in said tickets; that one of said parties there-

upon sent an order for said tickets as aforesaid to said lottery company, and received said tickets by the express company within a few days thereafter. That when said tickets were received the three other parties, to this defendant unknown as aforesaid, by permission of, and agreement with, the plaintiff, and parties aforesaid, selected and withdrew three of the ten one-twentieth tickets as their interest tickets; that the said remaining one-twentieth tickets were owned jointly by the plaintiff and said parties aforesaid.

"Plaintiff owned and was entitled to a one-seventh interest in said seven tickets, which tickets were numbered 4600, 4656, 39558, 27093, 19614, 12135, 32079, and that each of the parties aforesaid owned and were entitled to a one-seventh interest in and to said tickets, and that said tickets were held for the joint use and benefit of plaintiff and the parties aforesaid, each being interested one-seventh in same. That said December drawing was duly held on the —— day of December, 1890, and one of said tickets, to-wit, number 4600, drew the sum of $2,500, and said ticket number 4656 drew the sum of $20; that said ticket number 39558 drew the sum of $5. That when the fact become known to the parties aforesaid that said tickets had drawn said prizes, all of said tickets were delivered to and held by said plaintiff for the joint use and benefit, and in trust for, the plaintiff together with the parties aforesaid, and for the purpose of collecting the same from the Louisiana State Lottery Company at New Orleans, Louisiana. That the plaintiff, by virtue of the agreement aforesaid, and for the use, benefit and interest of all the parties aforesaid, together with himself, proceeded to cause to be collected the three drawing prizes as aforesaid, and received for all of said tickets a certain draft drawn by the Louisiana National Bank, a corporation duly

organized under and by virtue of the laws of the
United States, and as such doing a general banking
business in the City of New Orleans, in the state of
Louisiana, for and in the sum and of the value of
$2,518.69, drawn on the New York correspondent and
agent for said Louisiana National Bank, in the City of
New York. That each of the parties aforesaid were
the absolute owners of an undivided one-seventh inter-
est in and to said draft so received, held, indorsed and
deposited as aforesaid in trust for all the parties in
interest as aforesaid; that said draft received as afore-
said for the prizes drawn by said tickets is the same
identical draft deposited with defendant as alleged in
plaintiff's petition.

"Defendant further answering admits that it has
collected the said draft as charged in plaintiff's peti-
tion, but denies that plaintiff is entitled to, or the
owner of, the entire proceeds of said draft. Defendant
alleges that the same is 'a trust fund in which all the
parties aforesaid have, hold, own and are entitled to an
undivided one-seventh interest; that the said parties
herein named have notified this defendant of their
interest in the draft and the proceeds thereof, and not
to pay to plaintiff their share and interest therein.
Defendant alleges and charges that the plaintiff is
wholly irresponsible and insolvent. That the amount
so collected is now in the hands of this defendant and
it brings the same into court and prays that said claim-
ants be made parties herein and be required to inter-
plead, and that the court by its judgment determine
the rights of the parties."

It does not appear that the money was in fact brought
into court from any entry upon the record before us.
No attention seems to have been paid to the prayer
that the claimants named in the answer, other than
the plaintiff, be made parties and required to inter-

plead. They were not made parties, and did not interplead, but the plaintiff filed a reply which was a general denial of the allegations contained in the answer, and upon the issue thus made up the case was submitted to and tried by the court without a jury, and the following judgment rendered: "Now come the parties by their attorneys, and this cause being submitted to the court without a jury, and all and singular the matters being seen and heard, the court doth find the plaintiff and John McAuliffe, Henry Beckemeir, John McCuistion, Chas. J. Smith, George M. Long, Benjamin Tassaro are each entitled to one-seventh interest in and to the certain draft for the sum of $2,518.69 deposited with defendant as described in pleadings. It is therefore ordered, adjudged and decreed by the court that the plaintiff recover of the defendant the sum of $359.81 2-7, and that John McAuliffe, Henry Beckemeir, John McCuistion, Chas. J. Smith, George M. Long, Benj. Tassaro each recover of the defendant the like sum of $359.81 2-7, and that said defendant pay out said sums accordingly. It is further adjudged that the defendant recover of the plaintiff, J. E. Roselle, and A. Limbird, his surety, its costs herein laid out and expended, and have execution therefor."

It will be observed that the defendant by its answer, came into court and said: I have the fund in my possession which you demand; I am ready and willing to bring it here into court; this is how it came into my possession. I have and claim no personal interest in it, but there are other parties who do claim an interest in it, antagonistic to your claim; these are the names of the parties, and this the nature of their claim, and these are the particular facts upon which such claims are based, and showing the real question to be tried between them. There can be no question but

that the answer set up a good and sufficient bill of interpleader. Story's Eq. Pleadings [10 Ed.], sec. 291, *et seq.* and notes.

If the facts stated in the answer had not been denied the judgment thereon must have been that the defendant bring the money into court, that the claimants named, be made parties and required to interplead, and that the defendant, upon bringing the money into court, be discharged with his costs to be paid out of the fund, and the rights of the real parties in interest would thereafter have been tried upon the interpleas. But as the facts stated in the answer were denied, it became necessary to determine by trial upon evidence whether the defendant's bill of interpleader ought to be sustained. "An interpleading suit involves two successive litigations—one between the plaintiff [in the bill] and the defendants upon the question whether the defendants shall interplead—the other between the different defendants, *i. e.*, the interpleading itself. The subjects of these two litigations are wholly separate and distinct, and, therefore, they require separate allegations and separate proofs." Langdell on Eq. Pleadings [2 Ed.], sec. 162; Story's Eq. Pleadings, note *a*, sec. 291.

The only issue for trial raised by the reply to defendant's answer was, whether the other claimants named in the answer should be required to interplead with plaintiff for the fund. The evidence on this issue supported all the material allegations of the answer, showed a genuine claim upon the part of each of the other persons named in the answer, to one-seventh of the proceeds of the draft on New York, which the defendant only undertook to collect, and that such proceeds, after the draft was collected, was not placed to the credit of any of the parties, but owing to the conflicting claims made upon it as stated in the answer, has

ever since been held subject to the order of the owners thereof whenever they might determine among themselves, or the courts should determine for them, their proportionate share of such proceeds, so as to relieve the defendant of responsibility in paying it out; showing that defendant occupied the position of a mere stakeholder of the fund. Upon such a showing, the only proper thing for the court to have done, would have been to have granted the prayer of the answer, made a rule upon the claimants to interplead, ordered the defendant to bring the money into court, and upon its doing so, discharged it with its costs, to be paid out of the fund. *Bechtel v. Sheafer*, 117 Pa. St. 564; *Spring v. Ins. Co.*, 8 Wheat. 268; *Andrews v. Barnes*, L. R. 39 Ch. Div. 140.

With the issue thereafter to be tried between the interpleaders, if they should see proper to make any, the defendant had nothing to do, nor have we, for those isssues have not yet been raised for trial. Upon no principle of practice or pleading with which we are familiar, can the judgment be sustained. It was against the defendant, when upon the only issue tried or which could be tried, it should have been in its favor. It was against the defendant in form but against the plaintiff in fact as to six-sevenths of the amount he sued for in favor of parties who never sued him, and who were not parties to the action, and was upon issues not raised and which could not have been tried. This strange anomaly, by name a judgment, cannot stand; the only thing we can do is to reverse it, and remand the cause, so that it may be proceeded with to such proper judgment as the situation of the case demands as indicated in this opinion. It is accordingly so ordered. All concur, except BARCLAY, J., absent.