GRAND LODGE COLORED K. P. OF TEXAS v. CLEO LODGE, NO. 222, COLORED K. P. (No. 5709.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 8, 1916. Rehearing Denied Dec. 6, 1916.)

1. INTERPLEADER ⬅23—GROUNDS OF RELIEF —CONFLICTING CLAIMS TO FUND.

In an action on a policy of insurance, an answer, admitting liability and stating that defendant had no personal interest in the fund, but that another party claimed an interest antagonistic to plaintiff, stating details of adverse claim, and showing the real question to be tried between the claimants, set up a sufficient bill of interpleader, recognized as proper pleading in Texas, making it the duty of the trial court to enter an order requiring the other claimant to answer.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 47, 51; Dec. Dig. ⬅23.]

2. INTERPLEADER ⬅28 — PROCEEDINGS — ISSUES—SUBSTITUTION OF CLAIMANT.

In an insurance case upon the filing of a bill of interpleader by defendant, the only issue raised was whether the alleged claimant would be required to interplead with plaintiff for the fund.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 56; Dec. Dig. ⬅28.]

3. APPEAL AND ERROR ⬅949—REVIEW—DISCRETION OF COURT.

Although Rev. St. art. 1848, provides that proper or necessary parties to a suit may be brought in, but not in a manner as unreasonably to delay the trial of the case, the discretion of the trial court in determining whether the delay is unreasonable, will be reviewed, where abuse of discretion appears.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3835; Dec. Dig. ⬅949.]

Error from Aransas County Court; Roy Jackson, Judge.

Suit by Cleo Lodge, No. 222, Colored Knights of Pythias, against Grand Lodge Colored Knights of Pythias of Texas. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

S. J. Williamson, of Palestine, and Kleberg, Stayton & Picton, of Corpus Christi, for plaintiff in error. W. H. Baldwin and E. A. Stevens, both of Rockport, for defendant in error.

SWEARINGEN, J. Defendant in error filed suit on August 25, 1915, against plaintiff in error, upon a death certificate issued by plaintiff in error to Isaac Martin, deceased, who was a member of defendant in error, which was a local lodge of plaintiff in error.

[1] Plaintiff in error answered October 4, 1915, the day before appearance day, that it was liable for the $500 certificate sued upon, and paid the $500 into court; stated why it owed the money; that it had no personal interest in the fund, but another party did claim an interest in the fund antagonistic to the claim of defendant in error; stated the name of the party claiming the antagonistic interest; and stated the nature of the adverse claim and the facts upon which the adverse claim was based, and showed the real question to be tried between the claimants.

On the 5th day of October 1915, which was the appearance day on which plaintiff in error had been cited to appear and answer, the court ignored the motion of plaintiff in error contained in plaintiff in error's bill of interpleader, that Ida Cavenno be required to interplead with defendant in error for the fund, and rendered judgment against plaintiff in error for the fund, less an attorney's fee allowed out of the fund to plaintiff in error.

Plaintiff in error, by the first assignment of error, complains that the court erred in not making Ida Cavenno a party to the suit and in not having her cited to appear and answer.

The answer of plaintiff in error set up a good and sufficient bill of interpleader. Story, Eq. Pl. (10th Ed.) § 291 et seq. and notes.

A bill of interpleader is recognized as proper pleading in Texas. Nixon v. N. Y. Life Ins. Co., 100 Tex. 250, 98 S. W. 380, 99 S. W. 403; Rochelle v. Pacific Express Co., 56 Tex. Civ. App. 142, 120 S. W. 543.

Upon the facts averred in plaintiff in error's answer, it was the duty of the trial court to determine that Ida Cavenno should interplead and enter an order requiring her to answer. Then, after she had been brought into court by proper process, the issue of claim to the fund should have been determined between Ida Cavenno and defendant in er-

ror, after which final judgment should have been rendered for one or the other, and judgment should have been rendered, dismissing plaintiff in error with reasonable attorney's fees and costs to be deducted from the fund paid in.

[2] As quoted in Roselle v. Farmers' Bank, 119 Mo. 84, 24 S. W. 744:

"An interpleading suit involves two successive litigations; one between the plaintiff (in the bill) and the defendants upon the question whether the defendants shall interplead; the other between the different defendants, i. e., the interpleading itself. The subjects of these two litigations are wholly separate and distinct, and therefore they require separate allegations and separate proofs. Langd. Eq. Pl. (2d Ed.) § 162; Story, Eq. Pl. note 'a,' § 291."

The only issue for the court raised by the answer of plaintiff in error was whether Ida Cavenno should be required to interplead with defendant in error for the fund. The only proper thing for the court to have done on appearance day would have been to have granted the prayer in the answer of plaintiff in error, entered an order requiring Ida Cavenno to interplead and to have continued the trial of the case until the court obtained jurisdiction over her, if this could be obtained and obtained within a reasonable time. Roselle v. Bank, 119 Mo. 84, 24 S. W. 744; Bechtel v. Sheafer, 117 Pa. 564, 11 Atl. 889; Spring v. Insurance Co., 8 Wheat. 268, 5 L. Ed. 614.

[3] Article 1848 of the Texas Revised Civil Statutes provides that proper or necessary parties to a suit may be brought in, but not in the manner as unreasonably to delay the trial of the case. While it is true, generally, that the question of whether the delay is reasonable or unreasonable is within the discretion of the trial court, yet when it appears to the appellate court, as in this case, that the trial court abused that discretion, this court can and will interfere. Pacific Express Co. v. Williams, 2 Willson Civ. Cas. Ct. App. § 810.

The plaintiff in error could not require Ida Cavenno to interplead with defendant in error. It could only invoke the order of the trial court to that end. The trial court could grant the order and thereafter, if it acquired jurisdiction over the person of Ida Cavenno, could require her to interplead, and thus be enabled to render a final judgment that would protect plaintiff in error, not only from double liability, but from the worry and expense of a second suit.

For the reasons apparent from the foregoing discussion, the first assignment of plaintiff in error must be sustained, and the judgment of the trial court reversed, and the cause remanded.

In view of our ruling on the first assignment, it will not be necessary to pass upon the other assignments presented by plaintiff in error, as they relate to matters that will be remedied before another trial, and they, perhaps, are not proper for a disinterested stakeholder to urge.

The judgment of the trial court is reversed, and the cause remanded.