NORTHSHORE BANK, Appellant,

v.

COMMERCIAL CREDIT CORP., Appellee.

No. B14–83–299CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 16, 1984.

Rehearing Denied March 29, 1984.

Edwin Lamm, III, Smith & Lamm, Houston, for appellant.

J. Harry Painter, Painter & Painter, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

This appeal is from the granting of summary. judgment in an interpleader action. At issue is the propriety of such action. We affirm.

This is the second appeal of this case. The previous opinion is reported as *Commercial Credit Corp. v. Fire Insurance Company*, 630 S.W.2d 651 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). A very brief fact statement suffices for the issues on the present appeal. Frank and Wanda Skatell were awarded a judgment against two insurance companies. While the judgment was in the appellate process, various writs of garnishment were served upon the insurance companies. When the judgment became final, the insurance companies interpleaded the funds into the registry of the court. The trial court subsequently determined priority to the funds based upon the dates the writs of garnishment were served. So calculated, judgment was entered for Oak Forest Bank and Northshore Bank for the entirety of the funds. In the previous appeal by Commercial Credit it was held that since the writs of garnishment were sued out prior to the finality of the judgment against the insurance companies the respective dates thereof could not be used to determine priority to the funds. The cause was remanded to the trial court. However, the judgment in favor of the two banks was not superseded and the funds on deposit were withdrawn

by the two banks. On remand, Commercial Credit filed its motion for summary judgment seeking all of the funds or its prorata share thereof and gave notice to all other defendants in the interpleader action. Only appellant, Northshore Bank, responded, but it did not file its own motion for summary judgment. Rather, it chose to file only a "response" to Commercial Credit's summary judgment motion, contesting Commercial Credit's right to the funds—in whole or in part. The summary judgment recites that

after reading the pleadings, the Motion for Summary Judgment and affidavits and exhibits attached and hearing argument of counsel thereupon, the Court is of the opinion and so finds that the Summary Judgment of COMMERCIAL CREDIT CORPORATION has proven it's [sic] claim to the remaining funds interplead into the regeristry [sic] of this Court and that no other claimant has properly proven its claim to said funds and that COMMERCIAL CREDIT CORPORATION is entitled to the whole of said interplead funds remaining ... which fund when withdrawn from the registry of this Court by Oak Forest Bank and Northshore Bank amounted to $43,349.96 and futher [sic] finds that Oak Forest Bank and Northshore Bank have, at this time, no legal claim to the funds that they withdrew from the registry of this Court and that judgment should be entered against Oak Forest Bank for $7,650.00 and against Northshore Bank for $35,699.26 ...."

In its first point of error, appellant contends it was error to grant summary judgment "because the response of Northshore Bank established its claim as equal or superior to that of Commercial Credit Corporation." In its response to appellee's motion for summary judgment, appellant asserted:

(1) its claim to the interplead funds was superior to that of appellee;

(2) the matter was moot since the funds had been withdrawn from the registry of the court and "there is no longer a fund to be divided by the Court;"

(3) no pleadings exist which would support a judgment in favor of appellee against appellant;

(4) the summary judgment proof is insufficient since it does not "affirmatively negate the claims of the other creditors ... to this fund;" and

(5) there "is no basis for dividing the funds in dispute on a pro rata basis as suggested by [appellee.]"

As stated above, appellant did not move for summary judgment and we find it difficult to understand its present complaint.

■■■ It is clear that a garnishee may pay funds into the registry of the court and by interpleader bring into the suit all claimants to the funds in order to protect itself against multiple liability. *Thompson v. Fulton Bag & Cotton Mills*, 155 Tex. 365, 286 S.W.2d 411 (1956). This was done in this case. As stated by the court in *Grand Lodge Colored K.P. of Texas v. Cleo Lodge No. 222, Colored K.P.*, 189 S.W. 764 (Tex. Civ.App.—San Antonio, 1916, no writ):

An interpleader suit involves two successive litigations: one between the plaintiff (in the bill) and the defendants upon the question whether the defendants shall interplead; the other between the different defendants, i.e., the interpleading itself. The subjects of these two litigations are wholly separate and distinct, and therefore they require separate allegations and separate proofs.

In this interpleader suit all claimants and parties were properly before the court. When this occurred, the court then had jurisdiction to adjudicate the conflicting claims to the funds in question. *Thompson, supra.* As we understand the rule, where there are multiple claimants to interpleaded funds, each claimant has the burden of proving its own claim and its relative priority as to all other claimants. *Worden v. Thornburg*, 564 S.W.2d 480, 483 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). However, in this case since appellant did not assert its own right to the funds by filing its own motion for summary judgment, there was no issue before the court as to appellee's "relative priority as

to all other claimants." Since only one claimant prayed for the funds, the court correctly granted the one claimant's request which was sufficiently established by summary judgment proof. Appellant's first point of error is overruled.

In its second point, appellant contends the court erred in granting summary judgment "because Commercial Credit Corporation had no pleadings on file to support the judgment entered." While far from clear, we believe from the argument in support of the point, appellant's position is that since appellee had not filed suit against appellant, appellee was not entitled to the judgment entered by the court that it "do have and recover its judgment as against ... Northshore Bank for $35,699.26 ... for which let execution issue."

As stated above, the previous judgment dividing the interpleaded funds was not superseded pending appeal and the two banks withdrew said funds from the registry of the court. When that judgment was reversed appellant was then holding the funds without authority and should have returned them into the registry of the court. A bill in interpleader is a creature of equity and the proceeding is controlled by equity practice. *Wall v. Wall*, 181 S.W.2d 817 (Tex.Civ.App.—Amarillo 1944, no writ). Funds deposited in the registry of the court are subject to the control and orders of the court and "the court in the exercise of its equitable powers may make such orders it deems necessary to protect said funds." *Harris County v. Sellers*, 468 S.W.2d 950, 956 (Tex.Civ.App.—Houston [1st Dist.] 1971, rev'd on other grounds). The fact that the prior judgment had not been superseded did not render the matter moot and that judgment did not become final so long as an appeal was pending. Although the judgment could have been enforced by execution, payment of a fund to one party pending appeal does not discharge liability to a different party that may be established after reversal. *Apparel Contractors, Inc. v. Vantage Properties, Inc.*, 620 S.W.2d 666, 668 (Tex. Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Gonzalez v. Texas Employers Insurance Association*, 509 S.W.2d 423, 426 (Tex.Civ.

App.—Dallas 1974, writ ref'd n.r.e.). It, therefore, appears that upon reversal of the judgment the trial court could have ordered the withdrawn funds to be returned to the registry of the court. The fact that this course was not followed did not deprive the court, consistent with the exercise of its equity powers, of the authority to enter judgment that appellee recover the funds, still under the control of the court, from appellant which was at the time wrongfully withholding them. We believe this result to be consistent with and called for by the unique procedure to be followed in interpleader practice. Once the plaintiff in the bill is discharged from liability the second "successive litigation" (*Grand Lodge, supra*) proceeds between those asserting claims to the impleaded funds, here appellant and appellee. We hold the court was correct in entering judgment in favor of appellee for the impleaded funds then in possession of appellant. Appellant's second point is overruled.

The judgment is affirmed.