**In re Warren Dowling WHITCOMB, NCM.**

No. 13–99–222–CV..

Court of Appeals of Texas, Corpus Christi.

Dec. 14, 2000.

Cynthia T. Sheppard, Houston, Marek & Griffin, Victoria, for Appellant.

Wanda Roberts, Garner, Roberts & Roberts, Port Lavaca, for Appellee.

Before Justices HINOJOSA, CHAVEZ, and RODRIGUEZ.

**OPINION**

Opinion by Justice RODRIGUEZ

This is a guardianship case. Appellees Anna Marie Woodward and Kathryn E. Fojt filed a suit to have a guardianship ordered for their father, appellant Warren Dowling Whitcomb. After a trial to the court, an order was entered granting the guardianship and appointing appellees as co-guardians of appellant's person and estate. By six issues, appellant complains that (1) the order is void because it violates sections 685(a), 689, and 690 of the Texas Probate Code; (2) the evidence is

insufficient to support the finding of partial incapacity; and (3) the trial court erred in failing to find an appraisal was necessary and to name appraisers of appellant's estate, and in failing to set a sufficient bond for appellees as guardians. We reverse and remand.

In his first issue, appellant complains that the trial court's order is void because it appoints more than one guardian of appellant's person and estate in direct violation of section 690 of the Texas Probate Code which expressly provides that "[o]nly one person may be appointed as guardian of the person or estate...." Tex.Prob. Code Ann. § 690 (Vernon Supp.2000). Appellees contend that the appointment of co-guardians is not error, and further, because the statute does not provide that the appointment of more than one guardian will result in a void order, any violation of the statute would merely be voidable.

■ We agree with appellant that the trial court violated the clear language of section 690 of the probate code when it appointed co-guardians of appellant's person and estate. See id.; Haas v. Dodson, 589 S.W.2d 193, 195 (Tex.Civ.App.—Waco 1979, no writ) (appointment of two guardians of estate or person violates probate code); McAdams v. Wilson, 164 S.W. 59, 62 (Tex.Civ.App.—Amarillo 1914, writ ref'd) (appointment resulting "in two guardianships pending for the same children ... is clearly against the policy of the law, and in the face of the statute."). However, we do not agree that the order is void, as is asserted by appellant.

■ "A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990) (orig.proceeding) (per curiam) (citing Cook v. Cameron, 733 S.W.2d 137, 140 (Tex.1987); (Browning v. Placke, 698 S.W.2d 362, 362 (Tex.1985)). But see

Haas, 589 S.W.2d at 195 (disposition based on jurisdictional issues, however, court also held appointment of two guardians of the estate was void); see also McAdams, 164 S.W. at 62 (although not dispositive of case, court concluded two guardianships pending for same children was illegal because statute provided that only one guardian can be appointed of the person and estate)). "[T]he mere fact that an action by a court ... is contrary to a statute, constitutional provision or rule of civil or appellate procedure makes it [not void but] 'voidable' or erroneous." Mapco, 795 S.W.2d at 703.

The record before this Court establishes that the trial court had jurisdiction to hear this guardianship matter. Further, jurisdiction has not been challenged on appeal. Accordingly, we conclude the order from which this appeal is taken is not void. However, by appointing co-guardians of both the estate and person in violation of section 690 of the probate code, the order is voidable.

Having concluded the order is voidable, we next address appellees' contention that error, if any, has been remedied by the resignation of one of the co-guardians.

■ The resignation of co-guardian Fojt appears in the appellate record. However, no action has been taken by the trial court in response to the filing of this resignation. During oral argument, appellees acknowledged that the resignation had only been tendered. Therefore, the trial court's order appointing co-guardians in violation of section 690 has not been modified to reflect only one guardian of the estate or person as required by the code. We conclude that the error has not been remedied. Appellant's first issue is sustained. Further, as this issue is dispositive of the appeal, the remaining issues need not be addressed. See Tex.R .App.Pro. 47.1.

Accordingly, the judgment of the trial court is REVERSED and REMANDED with instructions to vacate the order appointing co-guardians of appellant's estate

and person, and to conduct further proceedings consistent with this opinion and sections 685(a), 689, and 690 of the Texas Probate Code.