In the Matter of the GUARDIANSHIP OF Warren Dowling WHITCOMB.

No. 13–01–381–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 21, 2002.

Cynthia T. Sheppard, Cuero, Luis A. Martinez, Houston, Marek & Griffin, Victoria, for Appellant.

Wanda Roberts, Garner, Roberts & Roberts, Port Lavaca, for Appellee.

Brian D. Hendrix, Victoria, Attorney Ad Litem.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

Opinion by Chief Justice VALDEZ.

This is the second appeal arising from a guardianship proceeding. In the initial proceeding, the trial court appointed two guardians for Warren Dowling Whitcomb. Whitcomb appealed the matter to this Court, and we reversed and remanded the judgment of the trial court. *See In re Whitcomb*, 35 S.W.3d 220 (Tex.App.—Corpus Christi 2000, no pet.). Following remand and the appointment of a single guardian, Whitcomb again appeals, attacking the judgment of the trial court in a single issue. For a second time, we reverse the judgment, in its entirety, and remand this matter for a new trial.

In the initial proceedings below, Anna Marie Woodward and Kathryn E. Fojt filed suit to have a guardianship ordered for their father, Warren Dowling Whitcomb. The trial court granted the guardianship and appointed Woodward and Fojt as co-guardians of Whitcomb's person and estate. Whitcomb appealed this ruling by six issues. In his first issue, Whitcomb complained that the trial court's order was voidable because it appointed more than one guardian of his person and estate in direct violation of section 690 of the Texas Probate Code, which provides that "[o]nly one person may be appointed as guardian of the person or estate." TEX. PROB.CODE ANN. § 690 (Vernon Supp.2002). This Court agreed, and reversed and remanded the matter for a new trial. *See In re Whitcomb*, 35 S.W.3d at 220–21.

After this matter was remanded to the trial court, Whitcomb filed a jury demand. As a proposed ward, he is entitled to a jury trial under section 685(b) of the probate code. *See* TEX. PROB.CODE ANN. § 685(b) (Vernon 2001). However, rather than proceeding with a jury trial, the trial court instead set a hearing on Fojt's motion to resign as co-guardian. Whitcomb objected on grounds that this Court had vacated the trial court's judgment in its entirety, that he was entitled to a jury trial, and that he had not received adequate notice of a trial setting. Nevertheless, the trial court proceeded with the hearing, and accepted Fojt's resignation. The "Order Accepting Resignation" provides, in part:

> The Court further finds that in accordance with the appellate opinion rendered on December 14, 2000, a necessity exists for the resignation of Kathryn E. Fojt as Co–Guardian of the Person and Estate of Warren Dowling Whitcomb, a non compos mentis. The Court takes judicial knowledge of the evidence presented at the March 25, 1999 hearing. The Court finds that Anna Marie Woodward is a necessary and proper guardian of the Estate and Person of Warren Dowling Whitcomb, a non compos mentis.
>
> IT IS, THEREFORE ORDERED that the Court accepts the resignation of Kathryn E. Fojt, Co–Guardian of the Person and Estate of Warren Dowling Whitcomb, a non compos mentis.
>
> All other orders of this Court are to remain in full force and effect.

It does not appear that Whitcomb was present at the hearing, nor does it appear that the court, on the record or in its order, determined that a personal appearance was not necessary, as required by this Court's opinion and probate code sec-

tion 685(a). *See* TEX. PROB.CODE ANN. § 685(a) (Vernon Supp.2002).

Appellant Whitcomb attacked this order by mandamus and this appeal. We denied the petition for writ of mandamus and motion for emergency temporary relief. In the instant appeal, Whitcomb argues that under the mandate previously issued by this Court, he was entitled to a trial de novo in the guardianship proceeding. Appellee Woodward contends that the error inherent in the earlier proceeding was rectified by the resignation of Fojt, and Whitcomb was consequently not entitled to a new trial.

We agree with appellant Whitcomb. The Court's opinion in the first appeal stated, in relevant part:

> We reverse and vacate the order of the trial court and remand for a new trial.[1]
>
> \* \* \*
>
> Having concluded the order is voidable, we next address appellees' contention that error, if any, has been remedied by resignation of one of the co-guardians. The resignation of co-guardian Fojt appears in the appellate record. However, no action has been taken by the trial court in response to the filing of this resignation. During oral argument, appellees acknowledged that the resignation had only been tendered. Therefore, the trial court's order appointing co-guardians in violation of section 690 has not been modified to reflect only one guardian of the estate or person as required by the code. We conclude that the error has not been remedied. Appellant's first issue is sustained. Fur-

ther, as this issue is dispositive of the appeal, the remaining issues need not be addressed. . . .

> Accordingly, the judgment of the trial court is REVERSED and REMANDED with instructions to vacate the order appointing co-guardians of appellant's estate and person, and to conduct further proceedings consistent with this opinion and sections 685(a), 689, and 690 of the Texas Probate Code.

*In re Whitcomb*, 35 S.W.3d at 220–2. The express language of the opinion thus required a "new trial" and "further proceedings" consistent with the probate code. Further, a remand of the case in its entirety is consistent with the Court's action in refusing to reach Whitcomb's other issues on appeal under Texas Rule of Appellate Procedure 47.1 (requiring an opinion addressing "every issue raised and necessary to final disposition of the appeal"). *See* TEX.R.APP. P. 47.1. Otherwise, if the Court's opinion were construed so as to hold that the error in the earlier proceeding was rectified by the withdrawal of a guardian, Whitcomb would effectively be denied review of the remaining five issues he originally raised on appeal. We conclude that the trial court's order frustrated the intent and mandate of this Court's earlier opinion and is contrary to the provisions of the Texas Probate Code.

We sustain appellant's first issue. Appellant Whitcomb is entitled to a jury trial. *See* TEX. PROB.CODE ANN. § 685(b) (Vernon Supp.2002). He is entitled to be present, unless the court, on the record or in its order, determines that a personal appear-

---

1. The text of the opinion as issued by our Court reads, in part, as "We reverse and vacate the order of the trial court and remand for a new trial," however, the published version appears as "We reverse and remand." *Compare In re Whitcomb*, No. 13–99–222–CV, slip op. at 2 (Corpus Christi Dec. 14, 2000, no pet.), *with In re Whitcomb*, 35 S.W.3d 220, 221 (Tex.App.—Corpus Christi 2000, no pet.). The parties did not reference this inconsistency on appeal, nor did they base their arguments thereon, therefore, we will not further address this issue herein.

ance is not necessary. *See* TEX. PROB.CODE ANN. § 685(a) (Vernon Supp.2002).

Before appointing a guardian, the court should make a reasonable effort to consider Whitcomb's preference regarding the person to be appointed guardian, and to the extent possible under the code, should give due consideration to the preference indicated. *See* TEX. PROB.CODE ANN. § 689 (Vernon Supp.2002).

We reverse the trial court's order and remand this case to the trial court for a new trial consistent with this opinion and the provisions of the Texas Probate Code. Moreover, given the nature and procedural history of this case, we instruct the trial court and parties to conduct the proceedings on remand without delay and as expeditiously as possible. *See* TEX.R.APP. P. 43.6 ("court of appeals may make any other appropriate order that the law and the nature of the case require").