

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| IN RE: VICTORY ENERGY CORPORATION, SMARTGAS, LLC, AND HCP INVESTMENTS, | § | No. 08-13-00068-CV |
| | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| Relators. | § | |
| | § | |

## **O P I N I O N**

Relators, Victory Energy Corporation, SmartGas, LLC, and HCP Investments seek a writ of mandamus against the Honorable Pedro Gomez, presiding judge of the 112th District Court of Crockett County, Texas, to compel him to vacate and set aside his order refusing to order the real-party-in-interest, Oz Gas Corporation (Oz Gas), to return funds to the court registry. Because we conclude Relators are not entitled to mandamus relief, we deny Relators' petition for writ of mandamus.

## **BACKGROUND**

In the underlying proceeding, a trespass to try title case, Oz Gas sued Relators and other defendants alleging they were bad faith trespassers for impermissibly drilling wells on land

leased to Oz Gas. On April 28, 2008, upon request of the parties, the trial court ordered that all production proceeds attributable to the working interests of the wells, which accrued on or after April 16, 2008, be paid into the registry of the court during the pendency of the case. Pursuant to the "Agreed Order to Deposit Funds into the Registry of the Court," the trial court's order would remain in effect until the case was finally resolved on the merits, upon further order by the court, following motion, notice of hearing and a hearing, or an agreement of the parties.

After a bench trial, the trial court rendered judgment in favor of Oz Gas and ordered that Oz Gas be paid the sum in the court registry including any additional monies deposited in the registry and interest earned on that money. Relators subsequently appealed, but did not supersede the trial court's final judgment. On or about August 29, 2012, nearly four months after the trial court's judgment was signed, the district clerk disbursed $310,481.25 from the court registry to Oz Gas.

On November 8, 2012, Relators learned of the disbursement to Oz Gas. Relators filed a motion seeking the return of the funds to the court registry. After conducting a hearing, the trial court denied Relators' motion. Relators subsequently filed a petition for writ of mandamus.

## JURISDICTION

We begin by addressing the fact Oz Gas for the first time questions whether this Court has jurisdiction to consider Relators' mandamus petition. Oz Gas contends the trial court lacked subject matter jurisdiction to consider and rule on Relators' motion to return the funds because the funds were no longer in the court's registry. A trial court has *quasi in rem* jurisdiction to determine ownership of funds deposited into the registry of the court. *See Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 29 (Tex. 1998); *Madeksho v.*

2

*Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 686 (Tex.App. – Houston [14th Dist.] 2003, pet. denied). The general rule of *in rem* jurisdiction is that the court's jurisdiction is dependent upon its control over the *res*. *State v. Approximately $2,000,000.00 in U.S. Currency*, 822 S.W.2d 721, 726 (Tex.App. – Houston [1st Dist.] 1991, no writ). When the *res* is released or removed from the court's control, the court's jurisdiction over the *res* is terminated. *Id*. Here, Oz Gas argues that the removal of the funds from the court registry terminated the trial court's jurisdiction to order the funds returned and consequently, that this Court lacks jurisdiction. We disagree.

In *Northshore Bank v. Commercial Credit Corp.*, a couple was awarded a judgment against two insurance companies. *Northshore Bank v. Commercial Credit Corp.*, 668 S.W.2d 787, 788 (Tex.App. – Houston [14th Dist.] 1984, writ ref'd n.r.e.). On appeal, writs of garnishment were served on the insurance companies. *Id*. When the judgment became final, the insurance companies interpleaded the funds into the court's registry. *Id*. The trial court awarded the interpleaded funds to two banks. *Id*. Another corporate entity succeeded in overturning the award on appeal, however, the judgment dividing the interpleaded funds was not superseded pending appeal and the two banks withdrew the funds from the registry of the court. *Id*. at 788-89. On remand, the corporate entity asserted it was entitled to the funds. *Id*. at 789. The trial court agreed and granted the corporate entity summary judgment. *Id*. The *Northshore* court overruled the bank's argument that the corporate entity was not entitled to the judgment because it had not sued the bank. *Id*. at 790. The *Northshore* court observed:

> When [the judgment dividing the interpleaded funds] was reversed appellant was then holding the funds without authority and should have returned them into the registry of the court. . . . Funds deposited in the registry of the court are subject to the control and orders of the court and "the court in the

3

exercise of its equitable powers may make such orders it deems necessary to protect said funds.". . .   Although the judgment could have been enforced by execution, payment of a fund to one party pending appeal does not discharge liability to a different party that may be established after reversal. . . .   It, therefore, appears that upon reversal of the judgment the trial court could have ordered the withdrawn funds to be returned to the registry of the court.   The fact that this course was not followed did not deprive the court, consistent with the exercise of its equity powers, of the authority to enter judgment that appellee recover the funds, still under the control of the court, from appellant which was at the time wrongfully withholding them.   We believe this result to be consistent with and called for by the unique procedure to be followed in interpleader practice. . . .   We hold the court was correct in entering judgment in favor of appellee for the impleaded funds then in possession of appellant. . . .

*Id*.

Although Oz Gas recognizes *Northshore's* position concerning the trial court's jurisdiction over funds in the registry of the court, it asserts *Northshore* is distinguishable because *Northshore* did not concern a trial court's exercise of *in rem* jurisdiction when there was no longer a *res* to justify the exercise.   Oz Gas further contends *Northshore's* statement that "a trial court could order that withdrawn funds must be returned to the registry of the court upon reversal of a judgment" was *dictum*.[1]   We disagree.

The *Northshore* court distinctly relied on the principle of equitable powers to determine that, although the trial court did not physically possess the funds, it could still order the return of the funds to the court registry.   *Northshore Bank*, 668 S.W.2d at 790.   In other words, the *Northshore* court acknowledged that *quasi in rem* jurisdiction is not the only authority under which a trial court has jurisdiction over funds tendered into the court registry.   *See id*.; *see also Sommers v. Concepcion*, 20 S.W.3d 27, 36 (Tex.App. – Houston [14th Dist.] 2000, pet. denied) (relying on *Northshore* and determining trial court did not abuse its discretion when it did not

---

[1] *Obiter Dictum* is defined as "[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential."   BLACK'S LAW DICTIONARY 1177 (9th ed. 2009).

4

order repayment of funds disbursed from the registry of the court). Because the trial court retained equitable powers over the funds disbursed from the court registry, the trial court did not lack subject matter jurisdiction to consider and rule on Relators' motion to return the funds after the funds were disbursed from the court's registry. Accordingly, this Court has jurisdiction to consider Relators' mandamus petition.

## STANDARD FOR MANDAMUS RELIEF

Mandamus is an extraordinary remedy that will issue only if Relators show: (1) the trial court abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005).

## REPAYMENT OF FUNDS INTO THE COURT'S REGISTRY

Relators contend the trial court clearly abused its discretion in denying its "Motion for Return of Funds to Court Registry and to Set Supersedeas" because the district clerk's disbursement of the funds in the registry of the court violated both Texas statutory law and the parties' agreed order. Specifically, Relators maintain the disbursement of the funds from the court registry violated Section 117.053 of the Local Government Code.[2] Relators argue that

---

[2] Section 117.053 states, in relevant part:

. . .

(b) Except as provided by Subsection (a), a clerk may not draw a check on special account funds held by a depository except to pay a person entitled to the funds. The payment must be made under an order of the court of proper jurisdiction in which the funds were deposited except that an appeal bond shall be paid without a written order of the court on receipt of mandate or dismissal and funds

5

because the funds were improperly disbursed to Oz Gas, the trial court was required to order the return of the funds in order to protect Relators' interest in the funds pending the appeal in order to avoid the dissipation of the funds. We believe Relators' argument is misguided.

While there is no case law directly on point, *Northshore* and *Sommers* provide us with guidance and are persuasive. As already discussed above, *Northshore* stands for the proposition that funds tendered into the court's registry are subject to the trial court's control and the court has the equitable power to make such orders it deems necessary to protect those funds. *Sommers*, 20 S.W.3d at 36. Similarly, in *Sommers*, the court stated:

> [T]he decision whether to order return of funds is discretionary and does not affect the court's power to enter a judgment awarding funds to the proper party. Even though the court did not require [the two attorneys] to re-deposit the fees awarded to them, the court had the power to enter judgment that [the bankrupt attorney] recover funds from [these attorneys]. Accordingly, appellant has not shown an abuse of discretion by the trial court in denying [his] motion to require return of the funds.

*Id.* Jointly, *Northshore* and *Sommers* establish that the trial court (1) retains equitable power over funds disbursed from the registry of the court, and (2) has the discretion to order their return, but has no obligation to do so because it can enter a judgment awarding the funds to the appropriate party. *See Northshore Bank*, 668 S.W.2d at 790; *Sommers*, 20 S.W.3d at 36.

Here, even if we were to assume the funds in the court registry were improperly paid to Oz Gas, the trial court was not obligated to order the return of the disbursed funds pending an appeal because the trial court is able to enter a judgment awarding the funds to Relators should they prevail on appeal. *See Northshore Bank*, 668 S.W.2d at 790; *Sommers*, 20 S.W.3d at 36. Thus, Relators have not established the trial court abused its discretion in deciding not to order

---

deposited under Section 887, Texas Probate Code, may be paid without a written order of the court.
. . .
TEX. LOC. GOV'T CODE ANN. § 117.053 (West 2008).

6

the return of funds to the registry of the court.

While Relators complain the trial court's action subjected them to the risk that Oz Gas may dissipate the funds while the case is on appeal, that is a risk Relators exposed themselves to by not superseding the judgment awarding the funds in the registry of the court to Oz Gas. *See Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009) (a judgment debtor is generally entitled to supersede the judgment pending appeal, thereby deferring payment until the appeal is decided); *see also* TEX.R.APP.P. 24.1(a) (outlining methods a judgment debtor may supersede the judgment). Because Relators have failed to show the trial court abused its discretion by refusing to order that the funds be returned to the court registry, we deny Relators' petition for writ of mandamus. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 462; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135-36; *see* TEX.R.APP.P. 52.8(a). Given our conclusion that Relators have failed to show an abuse of discretion by the trial court, we need not further address whether Relators have an adequate remedy by appeal.

## CONCLUSION

Because Relators have failed to show that the trial court abused its discretion, we deny the petition for writ of mandamus.

GUADALUPE RIVERA, Justice

April 23, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

7