

# NUMBER 13-21-00094-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

WOODROW W. MILLER JR.,
ET AL.,                                                                    **Appellants,**

**v.**

JACKSON COUNTY, ET AL.,                                       **Appellees.**

## On appeal from the 135th District Court
## of Jackson County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Silva, and Peña[1]**
**Memorandum Opinion by Justice Silva**

---

[1] The Honorable Leticia Hinojosa, former Justice of this Court, did not participate in this decision because her term of office expired on December 31, 2022. In accordance with the appellate rules, she was replaced on panel by Justice Lionel Aron Peña Jr.

Appearing jointly pro se, appellants Woodrow W. Miller Jr., Gwendolyn Miller Rice, Victor Anthony Miller, Troy Michael Miller, and Oluremi Latrell Dickie, appeal the trial court's April 2021 distribution order disbursing excess proceeds from the tax sale of real property. *See* TEX. TAX CODE ANN. § 34.04(e). By twelve issues, which we have consolidated into one, appellants contend the trial court was without jurisdiction to sign its April 2021 disbursement order following the issuance of its November 2020 disbursement order. We reverse and remand.

## I.    BACKGROUND

Appellees[2] Jackson County Hospital District, Edna Independent School District, Jackson County ESD #3, Texas Groundwater Conservation District, Jackson County Flood District, and Jackson County petitioned the trial court for a judgment allowing them to foreclose on two tracts of land deeded to John Grant, deceased, to recover unpaid property taxes. Appellants, as Grant's heirs, were among the defendants listed in the petition as potential owners. Appellants either failed to answer the suit or failed to appear. On June 23, 2020, the trial court awarded a default judgment in appellees' favor in the amount of $26,740.24 and ordered the land to be sold to satisfy the judgment. The land was sold at a sheriff's sale on October 6, 2020. Excess proceeds totaling $145,116.18 were realized from the sales and deposited into the registry of the court.

On November 10, 2020, appellants filed a "Joint Petition to Withdraw Excess Funds" from the registry of the court, with appellants each requesting $29,023.20. *See id.*

---

[2] Appellees' brief identifies four "claimant appellees" who are neither named in the style of this appeal nor did they submit a separate appellees' brief: Sharon Stafford Eubanks, Jacqueline Stafford, Kenneth Michael Stafford, and Frances Jones. Like appellants, these four individuals claim an interest in the excess proceeds.

2

§ 34.04(a). The trial court signed a distribution order on November 12, 2020, directing the clerk of the court to release the funds to appellants in the amounts petitioned. *See id.* § 34.03. The November 2020 distribution order disposed of the entire amount of the excess proceeds in the court's registry. There was no appeal taken from the trial court's November 2020 distribution order. *See id.* § 34.04(e).

On November 20, 2020, Sharon Stafford Eubanks, Jacqueline Stafford, and Kenneth Michael Stafford (claimant appellees) filed a joint "Intervenors' Petition for Disbursement of Excess Proceeds," claiming an interest in the excess proceeds deposited into the registry of the court.[3] Two weeks later, Frances Jones filed a "Petition to Withdraw Excess Funds." Appellants thereafter filed several motions challenging the claimant appellees' standing.

Making no mention of its November 2020 distribution order, the trial court issued a second distribution order on April 5, 2021, predicated on the claimant appellees' petitions.[4] The trial court's April 2021 distribution order awarded $25,395.33 individually to Sharon, Jacqueline, and Kenneth; and Frances and appellants each received $518.27—leaving a remaining balance of $65,820.57 in the court's registry. This appeal followed.

## II.    DISCUSSION

---

[3] Although entitled "Intervenors' Petition," claimant appellees were defendant heirs in the underlying default judgment.

[4] No related motion or order vacating or setting aside the trial court's November 2020 distribution order appears in the record.

3

The parties agree that the June 2020 default judgment permitting the sale of the two tracks of land is a final judgment. The parties challenge the validity of the trial court's post-judgment distribution orders, with appellants maintaining that the November 2020 distribution order is the only valid order because the trial court lacked jurisdiction to issue the April 2021 distribution order. *See* TEX. TAX CODE ANN. § 34.04.

## A.      Standard of Review and Applicable Law

The existence of a trial court's jurisdiction or the lack thereof is reviewed de novo. *State v. Naylor*, 466 S.W.3d 783, 792 (Tex. 2015) (orig. proceeding); *see In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam); *Farmers Tex. Cnty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020). To the extent the issues presented in this appeal pertain to the construction of the tax code, we review the issues de novo. *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022). "In construing a statute, our objective is to determine and give effect to the Legislature's intent." *Id.* (quoting *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003)).

Sections 34.03 and 34.04 of the tax code govern claims for and disbursements of excess proceeds from tax foreclosure sales. TEX. TAX CODE ANN. §§ 34.03–.04. Section 34.04(a) allows any person to "file a petition in the court that ordered the seizure or sale setting forth a claim to the excess proceeds" within two years after the property is sold. *Id.* § 34.04(a). Provided that the party establishes its claim to the proceeds, the trial court must order proceeds to be paid from the registry. *Id.* § 34.04(c). The district clerk must thereafter distribute the excess proceeds pursuant to the trial court's order. *Id.* § 34.03(a)(2). Under the present escheat statute, a claimant is barred from collecting the

4

excess proceeds once the two-year period has run.[5] *Id.* § 34.04(c); *Coleman v. Victoria County*, 385 S.W.3d 608, 612 (Tex. App.—Corpus Christi–Edinburg 2012, no pet.).

Because an order granting a petition for disbursement of excess proceeds from a tax foreclosure sale under this section necessarily follows a delinquent property tax proceeding, a § 34.04 order is a post-judgment order. *See Rushmore Loan Mgmt. Servs., LLC v. Harris County*, No. 01-19-00758-CV, 2021 WL 3501704, at *3 (Tex. App.—Houston [1st Dist.] Aug. 10, 2021, no pet.); *see also 2012 Props., LLC v. Garland Indep. Sch. Dist.*, No. 05-15-01002-CV, 2016 WL 3902585, at *2 (Tex. App.—Dallas July 14, 2016, pet. denied) (mem. op.). However, § 34.04(e) creates an exception to the general rule that only final judgments are appealable. *See* TEX. TAX CODE ANN. § 34.04(e) ("An order under this section directing that all or part of the excess proceeds be paid to a party is appealable."); *see generally In re Guardianship of Jones*, 629 S.W.3d at 924 ("The general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment.") (cleaned up).

## B.    Analysis

At the outset, we address appellants' overarching challenge to the trial court's jurisdiction, namely, that the trial court was without jurisdiction to issue its April 2021 distribution order. *See generally Jarvis v. Feild*, 327 S.W.3d 918, 925 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.) (providing that while we construe pro se briefs liberally, we also require pro se litigants to comply with applicable laws and rules of appellate

---

[5] "If no claimant establishes entitlement to the proceeds within the [two-year] period . . . , the clerk shall distribute the excess proceeds to each taxing unit participating in the sale . . . ." TEX. TAX CODE ANN. § 34.03(b).

procedure); *see also In re R.N.F.*, No. 13-21-00007-CV, 2022 WL 1251060, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 28, 2022, no pet.) (mem. op.) (same). Although we would agree that traditional notions of jurisdiction dictate that the trial court's plenary power began running after signing its June 2020 default judgment, § 34.04 posits an unusual procedural posture. *See* TEX. TAX CODE ANN. § 34.04; *see generally Patel v. Nations Renovations, LLC*, No. 21-0643, 2023 WL 1871558, at *1 (Tex. Feb. 10, 2023) ("[A] final judgment starts the clock for when a trial court loses its plenary power—its jurisdiction to revise its judgment or, with some exceptions, . . . to take any other actions in the case."). Pursuant to § 34.04, following the trial court's issuance of a final judgment, the trial court possesses the authority to preside over proceedings claiming right to excess proceeds from a tax foreclosure sale for two years after the property at-issue in the final judgment was sold. *See* TEX. TAX CODE ANN. §§ 34.03–.04; *cf. Schroeder v. LND Mgmt., LLC*, 446 S.W.3d 94, 97 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (concluding, in the context of interpleader proceedings, that the trial court "unquestionably ha[s] quasi in rem jurisdiction to determine who owns funds tendered into [its] registry" (quoting *Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 686 (Tex. App.—Houston [14th Dist.] 2003, pet. denied))); *see also Spalding v. Bennett*, No. 02-21-00398-CV, 2022 WL 2176521, at *7 (Tex. App.—Fort Worth June 16, 2022, no pet.) (mem. op.) (same); *W. Prado v. Leal*, No. 09-19-00154-CV, 2020 WL 6164309, at *5 (Tex. App.—Beaumont Oct. 22, 2020, no pet.) (mem. op.) (same).

It is undisputed that appellants and claimant appellees brought forth their claims within the statutory two-year period, and at all times—including subsequent to the trial

6

court's November 2020 distribution order dictating the complete disbursement of the excess proceeds—the monies remained in the court's registry. *See* Tex. Tax Code Ann. § 34.04; *Dallas County v. Sides*, 430 S.W.3d 649, 653 (Tex. App.—Dallas 2014, no pet.) (concluding recovery of excess proceeds claim brought within two years was timely). Thus, we conclude the issue here is not one of lack of jurisdiction, but rather, more appropriately framed as whether the trial court acted in contravention of existing procedural rules and statutes in its issuance of its conflicting April 2021 distribution order. *Cf. In re Victory Energy Corp.*, 431 S.W.3d 728, 731 (Tex. App.—El Paso 2014, orig. proceeding) (observing, where the district clerk inadvertently disbursed monies from the court registry during the pendency of the appeal of a trial court's order of disbursement, that "the trial court did not lack subject matter jurisdiction to consider and rule on Relators' motion to return the funds after the funds were disbursed from the court's registry").

Importantly, neither party maintains that the November 2020 distribution order was, in fact, set aside or appealed. However, for reasons unclear from the record, the district clerk did not immediately release the proceeds following the trial court's issuance of its November 2020 distribution order establishing appellants' entitlement to all the funds. *See* Tex. Tax Code Ann. § 34.03(a)(2); *see also Mount Vernon United Methodist Church v. Harris County*, No. 01-18-01114-CV, 2019 WL 6869333, at *3 (Tex. App.—Houston [1st Dist.] Dec. 17, 2019, pet. denied) (mem. op.) ("Pursuant to the statute, the money was required to remain in the court's registry for the rest of the two-year period *unless* a party established its entitlement to all or some of the proceeds during that time.") (emphasis added). Though we observe that § 34.04 affords a trial court the power to

7

dictate the disbursement of funds held within its registry subject to a timely filed § 34.04 petition, § 34.04 does not permit nor have we found any authority which would permit a trial court to issue a disbursement order which directly conflicts with an existing, otherwise unchallenged disbursement order. *See* TEX. TAX CODE ANN. § 34.04; *see generally Gloston v. Ellison*, 651 S.W.3d 637, 641 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (reviewing limitations on a trial court's post-judgment powers). Under these unique facts— wherein the initial disbursement order was not timely appealed and though in effect, monies ordered disbursed remained in the registry of the court and therefore subject to the trial court's authority—we conclude the trial court erred in issuing its April 2021 distribution order when it failed to first set aside its November 2020 distribution order. *See Comm'n for Law. Discipline v. Schaefer*, 364 S.W.3d 831, 836 (Tex. 2012) (observing that the mere fact that an action by a court is contrary to a procedural rule, statute, or even a constitutional requirement generally results in a "'voidable' or erroneous judgment").

Although we sustain appellants' consolidated issue, we make no comment on whether either distribution order was otherwise statutorily complaint. *See* TEX. TAX CODE ANN. § 34.04. We reverse the trial court's April 2021 distribution order, and remand the case with instructions that the trial court vacate the voidable order and conduct further proceedings consistent with this opinion to the extent that they are applicable. *See* TEX. R. APP. P. 43.3; *see also PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012) ("[W]hether the judgment is void or voidable—the result is the same: the judgment is vacated."); *see, e.g.*, *In re Whitcomb*, 35 S.W.3d 220, 221–22 (Tex. App.—Corpus

8

Christi–Edinburg 2000, no pet.) (mem. op.) (concluding the trial court's order was voidable and issuing a disposition reversing and remanding with instructions that the trial court vacate the order).

### III.    CONCLUSION

We reverse and remand for proceedings consistent with this opinion.


CLARISSA SILVA
Justice


Delivered and filed on the
9th day of March, 2023.

9