John L. FRANKS, Appellant,

v.

WOODVILLE INDEPENDENT SCHOOL DISTRICT, Tyler County Education District, and Tyler County, Appellees.

No. 09–03–350 CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 5, 2004.

Decided April 1, 2004.

Elton R. Lockings, Houston, for appellant.

F. Duane Force, Linebarger Goggan Blair & Sampson, LLP, Austin, for appellees.

F. Duane Force, for Tyler County.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

This appeal concerns the procedure for claiming excess funds from a sale of real property to satisfy a property tax judgment. The trial court ruled that John L. Franks, a claimant who filed his motion within two years of the tax sale but who did not obtain a hearing on the motion before the two year period had elapsed, failed to establish his claim within two years of the sale and was therefore not entitled to the excess funds. Appellant Franks's four issues assail the trial court's order to disburse the excess funds to the taxing units, appellees Woodville Independent School District, Tyler County Education District, and Tyler County.[1] Our construction of the Tax Code recognizes that a claimant must file a claim within two years of the sale, but does not require the trial judge to sign an order ruling on the claim within that same period of time. Accordingly, we hold that the trial court erred in denying the claim on the sole ground that the claim was not timely established, and remand the case to the trial court for trial on the merits.

Franks was served as a defendant and appeared in the tax suit. Six other persons were served and appeared in the suit *pro se*; another twenty-four individuals were named and served by posting. The trial court rendered its judgment in April 2000. The judgment in the tax suit recited that the defendants named in the judgment were the owners of record or were claiming some right, title, or interest in the property. Thus, the fact that the taxing units brought Franks into the suit is evidence that Franks claimed some right, title, or interest in the property, but is not a judicial admission of ownership. At the sheriff's sale, the property sold to a private entity for $47,175. After payment of the judgment and fees, the $24,222.55 excess was deposited with the district clerk in October 2000. In October 2001, Franks

---

1. Franks frames his issues as follows: (1) "Whether Texas Property [Tax] Code [Section] 34.03 or 34.04 applied to the hearing on disposition of excess proceeds;" (2) "Whether Tex. Property [Tax] Code [Section] 34.04 requires a claimant to 'establish' or file a claim to proceeds within a two-year period;" (3) Whether a taxing authority is allowed to participate as a "claimant" in a 34.04 proceeding for disbursement of excess proceeds—when it is owed nothing additional; and (4) Whether the Court abused its discretion in denying Appellant's Motion for Disbursement of Excess proceeds and granting Appellees Motion for Disbursement of Excess Proceeds.

filed a motion to disburse the funds to him on the grounds that he and others owned the property. The motion was amended the following month. Franks did not set his motion for hearing. The motion was filed in the original suit, and states that it was served on all counsel of record but does not mention the *pro se* litigants. On January 3, 2003, the appellees filed a motion to distribute the excess proceeds to them on the grounds that no party had established a right to the funds before the second anniversary of the sale. Copies of the motion were mailed to Franks and the *pro se* defendants. Franks amended his motion to allege that the tax suit involved property owned by Franks and others, that the excess funds were "awarded to Defendant, John L. Franks and others for said property and the excess proceeds deposited in the registry of this Court...." Four family members filed *pro se* requests for the funds, but these requests were filed more than two years after the sale.

The trial court conducted two evidentiary hearings on the parties' motions. In the first hearing, the taxing entities produced a judgment and findings of fact from a 1952 lawsuit involving a dispute in the Franks' family over the ownership of three tracts of land. The parties agreed that the property involved in the tax suit was one of these tracts.[2] According to the findings of fact, the property was conveyed to Horace Franks in 1897 and was community property held with his first wife, Emma. The property passed by descent and distribution one-half to Horace's nine children and one-half to Emma's five children. Horace's second wife, Jessie, was entitled to occupy the property as a homestead.

Johnnie Lee Franks and wife, Alice Franks, were, according to the findings of fact, entitled to a 1/18th interest in the property at issue in the present litigation. Contemporaneously with the resolution of the 1952 litigation, Jessie Franks executed a deed transferring her interest in the property to Johnnie Lee Franks and Alice Franks, who are the appellant's parents. Franks testified that he claimed the excess funds because the property was the property of his grandmother Jessie. However, the 1952 judgment settled that, as to Jessie, the land now at issue was the separate property of her husband in which she owned nothing more than a life estate. Franks also testified that he paid taxes on the property from 1980 to 1987. In the second hearing, several professed Franks' family members expressed an interest in the excess proceeds. The trial court ordered the excess funds to be distributed to Tyler County Appraisal District and Tyler County. The trial court made no findings on the merits of the appellant's claim, but concluded that Franks

> failed to secure a hearing on his claim, failed to present evidence in support of his claim, and failed to establish entitlement to the proceeds within the period provided by Subsection (a), § 34.03 of the Texas Property Tax Code, and as required by Subsection (b), § 34.03 of the Texas Property Tax Code, and is therefore not entitled to any of the proceeds.

The procedures for tax sale and redemption can be found in Chapter 34 of the Tax Code. *See* TEX. TAX CODE ANN. §§ 34.01–23 (Vernon 2001 & Supp.2004).[3] Proceeds of

---

2. The property description for the land in question does not close. When compared to the property description in a deed admitted into evidence by Franks, it appears that the exhibit may not depict the entire judgment in the 1952 litigation. However, the parties do

not refer to any matter that has been excluded, so we presume the omitted portion of the 1952 judgment is not relevant to the issues in this appeal.

3. The parties agree that the Code Construction Act guides our analysis. "In enacting a

a tax sale are applied first to costs, fees and commissions associated with the tax suit and the tax sale, then to taxes, penalties, and interest, and other expenses and amounts awarded under the judgment. TEX. TAX.CODE ANN. § 34.02 (Vernon Supp. 2004). Excess proceeds are paid to the clerk of the court issuing the warrant or order of sale. *See* § 34.02(d). The clerk must keep the proceeds for two years. TEX. TAX.CODE ANN. § 34.03(a)(2) (Vernon 2001). A person, including a taxing unit, may file a petition setting forth a claim to the excess proceeds. TEX. TAX.CODE ANN. § 34.04(a) (Vernon Supp.2004). The petition must be filed before the second anniversary of the date of the sale of the property. *Id.* If no claimant establishes entitlement to the proceeds within the period provided by Section 34.03(a), that is, two years from the date of the sale, the clerk shall distribute the excess proceeds to the taxing units that participated in the sale. TEX. TAX.CODE ANN. § 34.03(b) (Vernon 2001). Franks argues that in his case Section 34.04 of the Texas Property Tax Code applies to the exclusion of Section 34.03, so that his claim to the excess proceeds is not barred by his failure to establish his claim in a court proceeding within two years of the sale date. The taxing units argue that Franks's failure to secure

a ruling on his claim within two years of the sale triggered the operation of Section 34.03(b). The trial court agreed with the taxing units and ordered the funds to be distributed to the taxing units solely for this reason.

The taxing units ask the Court to consider the statutes' legislative history. The predecessor to Sections 34.02 through 34.04 of the Property Tax Code appeared in Section 8 of Article 7345b, Texas Revised Civil Statutes. *See* Act of May 23, 1977, 65th Leg., R.S., ch. 481, § 1, 1977 Tex. Gen. Laws 1244, 1244–45, *repealed by* Act of May 24, 1979, 66th Leg., R.S., ch. 841, § 6, 1979 Tex. Gen. Laws 2217, 2329. Under Article 7345b, the court clerk held the funds for a three-year period, then forwarded the funds to the State Treasurer, who held the funds in trust for another four years. After the expiration of four years from the Treasurer's receipt of the funds, the Treasurer transferred the funds from the trust account to the general revenue unless there was then pending and not acted upon a petition by a claimant for excess funds. If the claimant did not file a petition within the four-year period, the claim was barred. With the initial codification of Sections 34.03 and 34.04 in 1979, the clerk kept the excess proceeds for

statute, it is presumed that: (1) compliance with the constitutions of this state and the United States is intended; (2) the entire statute is intended to be effective; (3) a just and reasonable result is intended; (4) a result feasible of execution is intended; and (5) public interest is favored over any private interest." TEX. GOV'T CODE ANN. § 311.021 (Vernon 1998). Among the matters a court may consider in construing a statute are the: "(1) object sought to be attained; (2) circumstances under which the statute was enacted; (3) legislative history; (4) common law or former statutory provisions, including laws on the same or similar subjects; (5) consequences of a particular construction; (6) administrative construction of the statute; and (7) title (caption), preamble, and emergency

provision." TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998). "The heading of a title, subtitle, chapter, subchapter, or section does not limit or expand the meaning of a statute." TEX. GOV'T CODE ANN § 311.024 (Vernon 1998). "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998). Statutory interpretation presents a question of law subject to de novo review. *Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 437 (Tex.1997). We give no particular deference to the trial court's construction of the statute because a court has no discretion when evaluating a question of law. *See Huie v. DeShazo,* 922 S.W.2d 920, 927 (Tex.1996); *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992).

seven years before turning the funds over to the State Treasurer; if no claimant established entitlement to the proceeds within seven years, the clerk transmitted the proceeds to the State Treasurer for deposit in the general revenue fund. Act of May 24, 1979, 66th Leg., R.S., ch. 841, § 1, 1979 Tex. Gen. Laws 2217, 2298. A claimant could file a petition within seven years from the date of the sale of the property, and no claim could be filed after the expiration of seven years from the date the property is sold; if the trial court found an entitlement at the hearing, it ordered the proceeds to be paid to the claimant. *Id.* As part of a larger property tax reform measure, in 1981 the Legislature amended Section 34.03 to cause the clerk to distribute the excess to the taxing units rather than to the Treasurer. Act of August 10, 1981, 67th Leg., 1st C.S., ch. 13 § 132, 1981 Tex. Gen. Laws 117, 169. In 1999, Sections 34.03 and 34.04 were amended to alter the applicable period from seven to two years. Act of May 26, 1999, 76th Leg., R.S., ch. 1185, §§ 1–2, 1999 Tex. Gen. Laws 4109.

The taxing entities draw two major distinctions between old procedure and new. First, they note that Article 7345b stated that the trial court would set the claim for a hearing, but the Property Tax Code deleted any affirmative action on the part of the trial court. Second, they note that the Property Tax Code deleted the exception to the escheat rule for pending claims. The lack of comparable procedures in the current law, the appellees argue, prevents tolling of the escheat of the excess funds. In reading the statutes, however, we find that the significant distinction between the 1977 statute and the current statute is the role of the administrative body receiving the funds. Article 7345b's language "unless there is then pending a petition by a claimant of such excess funds not acted upon" was necessary because at that point

in the process the governmental entity transferring the funds—the State Treasurer—was not the same entity—the district court—that could award the excess proceeds to a claimant. With the 1979 amendments to the statute, officers of the same governmental entity—the district court—performed both the ministerial function of distributing the excess funds and the judicial function of awarding them. In the procedure established in the Tax Code, no exception is required in order to maintain judicial power over the funds because the funds remain in the registry of the court.

The taxing units also fail to consider that the distribution of funds by the clerk under Section 34.03(b) is ministerial but is not automatic and self-executing. The distribution described in Section 34.03(b) does not involve a judicial determination. The timely filing of a petition under Section 34.04, however, invokes the trial court's power to determine the parties' rights to the funds on deposit in the registry of the court. Only the judge, not the clerk, may determine the claimant's entitlement. Until the trial court determines the controversy placed at issue by a timely and properly filed petition under Section 34.04, the ministerial process of distributing the excess funds cannot occur.

■ Section 34.03(b) does not contain a tolling provision, but neither is it a limitations provision. The sole limitations provision is found in Section 34.04(a). Had no claim been pending on the second anniversary of the tax sale, the clerk would be authorized under Section 34.03(b) to distribute the funds to the taxing units. Such a distribution did not occur because the trial court had a pending claim to the funds on its docket. Because Franks satisfied the limitations requirement of Section 34.04(a), he is entitled to present his

claim to the trial court for a ruling, and nothing within Section 34.03(b) prohibits the trial court from considering his petition. Issues one and two are sustained.

In his third issue, Franks argues that the taxing units cannot participate as claimants under Section 34.04 unless the unit is owed for taxes, penalties, and interest owing from the judgment thereafter accruing. We need not resolve this issue because the taxing units concede that they have not filed claims pursuant to Section 34.04. *See* TEX. TAX CODE ANN. § 34.04(a) (Vernon Supp.2004)("A person, including a taxing unit, may file a petition ... setting forth a claim to the excess proceeds.").

■■ In his final issue, the appellant argues that the trial court erred in failing to award to him the excess proceeds, and asks this Court to render judgment. The appellees argue, and we agree, that Franks failed to conclusively establish his entitlement to the excess funds as a matter of law. The Tax Code provides for priority payment of claims, ending with "each former owner of the property, as the interest of each may appear." *See* TEX. TAX CODE ANN. § 34.04(c)(5) (Vernon Supp. 2004).[4] As the claimant, Franks bore the burden of proof to establish that he is a former owner of the property. Although Franks traced an ownership interest in the subject property to a tenancy in common held by Franks's parents, Johnnie Lee Franks and Alice Franks, and other Franks' family members, Franks failed to trace that interest from his parents to him. There is no evidence in the record of how Johnnie Lee Franks's estate passed upon his death, and no evidence that Alice Franks is deceased. Thus, Franks failed to establish his status as a former owner of the property. The taxing units argue that this failure is grounds for affirming the judgment. We note, however, that the trial court made findings of fact in this case. *See* TEX.R. CIV. P. 296. There is no finding of fact regarding former ownership of or title to the property. The judgment may not be supported on appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact. TEX.R. CIV. P. 299. Although the trial court made a conclusion of law regarding Franks's failure to present evidence in support of his claim, that conclusion is expressly limited to "within the period provided by Subsection (a), § 34.03 of the Texas Property Tax Code." We resolved that issue in this appeal when we held that Section 34.03 does not preclude a judicial determination of ownership more than two years after the tax sale. That being the only basis for the taxing units' recovery to have been found by the trial court, and that basis having been held to be erroneous, we must reverse the judgment and remand the case to the trial court for a hearing on John L. Franks's claim to the excess proceeds.[5]

REVERSED AND REMANDED.

4. In 2003, the Legislature retroactively amended Section 34.04(c)(5), which previously read "to each owner of the property," to apply to all cases pending on the effective date of the act. *See* Act of May 15, 2001, 77th Leg., R.S., ch. 1430, § 27, 2001 Tex. Gen. Laws 5109, 5118, *Amended by* Act of May 28, 2003, 78th Leg., R.S., ch. 319, §§ 10, 17, 2003 Tex. Gen. Laws 1350, 1355, 1356.

5. At trial, Franks's counsel suggested that Franks was entitled to all of the excess proceeds because he was the only one to file a request for the proceeds. The Court's opinion in this appeal resolves only the issues and

parties before it; that is, John Franks's claim to the excess proceeds on file in the registry of the trial court. Assuming Franks to be a former owner of the property, whether Franks has a duty to his former tenants-in-common is an issue not addressed in this appeal and unresolved by it. Without commenting on their applicability to this case, we note those cases holding that a cotenant who redeems property in his own name redeems it for the benefit of his cotenants. *Poenisch v. Quarnstrom*, 361 S.W.2d 367, 372 (Tex.1962); *Rogers v. Yarborough*, 923 S.W.2d 667, 670 (Tex.App.-Tyler 1996, no writ); *Bush v. Bush*, 275 S.W. 1096, 1097 (Tex.Civ.App.-Waco 1925, no writ).