

# NUMBER 13-11-00670-CV

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LINDA COLEMAN,                                                    Appellant,

v.

VICTORIA COUNTY,                                                  Appellee.

# NUMBER 13-11-00671-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

EUGENE DE LOS SANTOS,                                            Appellant,

v.

VICTORIA COUNTY,                                                 Appellee.

**On appeal from the 24th District Court
of Victoria County, Texas.**

# O P I N I O N

**Before Justices Rodriguez, Benavides, and Perkes
Opinion by Justice Benavides**

This consolidated appeal[1] involves two post-foreclosure escheat claims filed by appellee, Victoria County, for excess proceeds following tax foreclosure judgments rendered against appellants Linda Coleman, et al. and Eugene De Los Santos, et al. By three issues, appellants assert that the trial court erred by granting Victoria County's escheat claims because: (1) appellants' constitutional due process rights were violated; (2) Texas Tax Code section 34.03 violates due process because it fails to require adequate notice to citizens before their property is seized by the government; and (3) Texas Tax Code section 34.03 violates the Takings Clause of the United States Constitution. We reverse and remand.

## I.    BACKGROUND

Appellants each had their property foreclosed upon pursuant to a delinquent tax lien for taxes owed to Victoria County.[2]   Appellants' respective properties were sold at a tax foreclosure sale on July 3, 2007.   *See* TEX. TAX CODE ANN. § 34.01 (West 2008).

---

[1] This Court granted appellants Linda Coleman and Eugene De Los Santos's motion to consolidate appeals because the trial court held a single hearing on both causes and the issues involved in each cause are identical.

[2] Coleman's order of sale was signed by the trial court on March 30, 2007, and De Los Santos's order of sale was signed on April 27, 2007.

Excess proceeds were realized from each sale and were deposited into the registry of the court.[3]  *See id.* §§ 34.02–.021 (West Supp. 2011).

Each appellant filed a Petition for Release of Excess Proceeds on September 13, 2010.  *See id.* § 34.04 (West Supp. 2011).  On January 31, 2011, Victoria County filed a Motion and Order to Distribute Excess Proceeds on both cases seeking a one-hundred percent share of the unclaimed excess proceeds.  *See id.* § 34.03(b) (West Supp. 2011) (requiring the clerk to distribute excess proceeds to each taxing unit participating in the sale in an amount equal to the proportion its taxes, penalties, and interests bear to the total amount of taxes, penalties, and interest due all participants in the sale). Appellants thereafter filed an amended petition for release of excess proceeds and objected to Victoria County's claim of escheat.  Appellants claimed in their amended petition and objections that the clerk did not send mandatory notice to appellants—as former owners of the respective properties sold—of the existence of the excess proceeds.  *See id.* § 34.03(a).

After a consolidated hearing, the trial court granted Victoria County's motions to distribute excess proceeds to Victoria County and also granted Victoria County's escheat claims at one-hundred percent shares in both causes.  The trial court filed findings of fact and conclusions of law which stated, in part, that:

(1) Appellants, as former owners of the properties in question and potential claimants to the excess proceeds, did not petition for the excess proceeds within the two-year statutory deadline; and therefore, had no right to the proceeds.  *See id.* § 34.04;

---

[3] The excess proceeds from the Coleman sale totaled $4,413.23, and the excess proceeds from the De Los Santos sale totaled $5,229.37.

(2) Victoria County was entitled to the excess proceeds. *See id.* § 34.03;

(3) No provision under Chapter 34 of the tax code permits the trial court to abrogate statutory guidelines, including the two-year requirement;

(4) The two-year deadline is triggered by the date of the sale, not by the date the clerk sent the notice or when the former owner received notice;

(5) No statutory exception for the two-year deadline exists if a claimant did not receive notice from the clerk pursuant to 34.03(a); and

(6) The legislature did not intend for application of the two-year deadline to depend on whether, or when, the claimant received the clerk's notice.

This appeal ensued.

## II.    DISCUSSION

### A.    Due Process

In their first issue, appellants assert that the trial court erred in its ruling in favor of Victoria County's escheat claim because such a ruling violates the appellants' procedural due process rights to the excess proceeds realized from the tax foreclosure sales.

#### 1.  Applicable Law

Procedural due process claims require a two-part analysis: first, whether the appellants hold a property interest that is entitled to due process; and second, what process is due. *See* TEX. CONST. art. I § 19; *Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995).

Escheat is a procedure by which a sovereign state acquires title to abandoned property if no rightful owner appears after a specified time period. *Tex. Mun. League Intergov't. Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 382 (Tex. 2002);

4

*see also Conn. Mut. Life Ins. Co. v. Moore*, 333 U.S. 541, 546–47 (Tex. 1948); *Anderson Nat'l Bank v. Luckett*, 321 U.S. 233, 240 (1944). There are two types of escheat: (1) absolute-escheat, in which the state acquires title to property through operation of law or a judicial proceeding; and (2) custodial-escheat, in which the state is allowed only temporary custody over personal property until the state identifies the true owner. *See Tex. Mun. League*, 74 S.W.3d at 382. Regardless of the classification, in order to be constitutional, escheats must give notice to potential claimants after the state acquires the funds and provide for an administrative and judicial hearing to adjudicate these claims. *Id.* (citing *Conn. Mut. Life Ins. Co.*, 333 U.S. at 547). Further, the Texas Supreme Court has held that the state must use reasonable diligence to discover the potential claimants to the property. *Id.*

### 2. Discussion

Appellants argue that the clerk failed to provide statutory notice to them and that such lack of notice violated their procedural due process rights to the excess proceeds. We agree.

Excess proceeds from tax foreclosure sales are governed by section 34 of the tax code. The specific escheat statute in question states the following, in part:

> If no claimant establishes entitlement to the proceeds within [two years from the date of sale], the clerk shall distribute the excess proceeds to each taxing unit participating in the sale in an amount equal to the proportion its taxes, penalties, and interests bear to the total amount of taxes, penalties, and interest due all participants in the sale.

TEX. TAX CODE ANN. § 34.03(b). The statute also mandates that the clerk hold the excess proceeds, regardless of the amount, for the two-year limitations period. *See id.*

5

§ 34.03(a)(2).   Moreover, the statute further directs the clerk to send written notice to the former owner of the foreclosed property, who has a right to make a claim to recover the excess proceeds.[4]   *See id.* § 34.03(a)(1).

The present escheat statute is a hybrid-scheme—that is, the state holds mere custody of the proceeds for two-years, after which a claimant is barred from collecting it. *See Tex. Workers Comp. Comm'n v. Tex. Mun. League Intergov't. Risk Pool*, 38 S.W.3d 591, 598 (Tex. App.—Austin 2000 pet. granted), *aff'd by Tex. Mun. League*, 74 S.W.3d at 388.   As written, the statute addresses constitutional concerns of due process by requiring specific notice to be given to the former owner of the foreclosed-upon property owner to assert his or her right to make a claim to the excess proceeds prior to two years from the sale, *see* TEX. TAX CODE ANN. § 34.03(a)(1), and it also requires the clerk to exercise reasonable diligence in discovering the potential claimants.   *See id.* (noting that the clerk shall send "written notice to the former owner of the property, at the former owner's last known address according to the records of the court or any other source

---

[4]  The statute states that the clerk shall:

> if the amount of excess proceeds is more than $25, before the 31st day after the date the excess proceeds are received by the clerk, send by certified mail, return receipt requested, a written notice to the former owner of the property, at the former owner's last known address according to the records of the court or any other source reasonably available to the court, that:
>
> > (A) states the amount of the excess proceeds;
> >
> > (B) informs the former owner of that owner's rights to claim the excess proceeds under Section 34.04; and
> >
> > (C) includes a copy or the complete text of this section and Section 34.04.

TEX. TAX CODE ANN. § 34.03(a)(1) (West Supp. 2011).

reasonably available to the court"). Once a petition is filed, the trial court must hold a hearing and order claimants paid according to statutory priorities. *See id.* § 34.049(c).

In this case, appellants, as former property owners, held a right to assert a claim to the excess proceeds. *See id.* § 34.03(a)(1)(B). It is undisputed that the clerk did not send the requisite notice to the appellants as required by statute. However, Victoria County argues that the relevant provisions, nonetheless, do not allow a court to abrogate the two-year limitation for making a claim based on the appellants not receiving the clerk's notice. In support of this argument, Victoria County cites *Bryan Independent School District v. Cune*, in which the Fourteenth Court of Appeals held that the Cune's claim to excess proceeds from a tax foreclosure sale was time-barred, even if notice under section 34.03(a)(1) was not received by the claimant. *See* No. 14-09-00062-CV, 2010 WL 2541841, at **4–5 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (mem. op.) (holding that "the legislature did not intend for application of the two-year deadline to depend on whether, or when, the claimant received the clerk's notice").

While many facts in *Bryan* are similar to the present case, we find it distinguishable. In *Bryan*, it was undisputed that the clerk sent timely notice of the excess proceeds to the former owner of the foreclosed property. *See id.*, at *1. Here, the opposite is true. The Victoria County District Clerk admitted that her office did not send the requisite notice to appellants.

We agree with the proposition that the legislature chose to impose a time limit for a party—including the former owner of the foreclosed property—to pursue a claim for excess proceeds, *see id.*, at *4; TEX. TAX CODE § 34.04(a); but we cannot agree with

Victoria County's argument that the clerk's failure to give requisite notice to the appellants, pursuant to a statutory duty, should be ignored in favor of the state's escheat claim. *See Than*, 901 S.W.2d at 930 (holding that due process, at a minimum, "requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner"); *Tex. Mun. League*, 74 S.W.3d at 382. Here, appellants were denied the minimum statutory notice required due to the clerk's failure to fulfill its duty under the tax code. *See* TEX. TAX CODE § 34.03(a). Accordingly, we sustain appellants' first issue because the appellants were not afforded adequate procedural due process.[5]

### III.   CONCLUSION

Because appellants were denied procedural due process to assert any potential claims they may have on the excess proceeds, we reverse. We also remand to the trial court for further proceedings consistent with this opinion.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
23rd day of August, 2012.

---

[5] Because we sustained appellants' first issue, we need not address the remaining issues on appeal. *See* TEX. R. APP. P. 47.1.