

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00529-CV

Dorothy **DELK**,
Appellant

v.

**VAL VERDE COUNTY** and San Felipe Del Rio Consolidated Independent School District,
Appellees

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 25395
Honorable Robert Cadena, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Jason Pulliam, Justice

Delivered and Filed:  April 22, 2015

AFFIRMED

Dorothy Delk appeals the trial court's order distributing excess proceeds from a property

tax foreclosure sale pursuant to section 34.03(b) of the Texas Tax Code.  Dorothy contends the

trial court erred in distributing the excess proceeds to the appellees, Val Verde County and San

Felipe Del Rio Consolidated Independent School District, because she was entitled to the proceeds

as the surviving spouse of Robert W. Delk, who owned the property by inheritance.  We affirm.

### BACKGROUND

In November of 2004, the County and the School District petitioned the trial court for a judgment allowing them to foreclose on a twenty-acre tract of land to recover unpaid property taxes. Among the defendants listed in the petition as potential owners were the Unknown Heirs of C R Delk and Robert W. Delk.[1] An attorney ad litem was appointed to represent the unknown heirs, and both Robert and the attorney ad litem filed an answer to the petition. The cause was set for trial on April 20, 2006, but Robert did not appear. The trial court entered a judgment establishing the amount owed to the County and the School District and authorizing the foreclosure. Notice of the judgment was sent to Robert. No appeal of the judgment was filed.

The property was sold on March 7, 2007, and the excess proceeds from the sale in the amount of $10,120.90 were deposited with the clerk of the trial court. On June 25, 2008, the clerk of the trial court mailed Robert a document entitled Notice of Excess Funds, providing him notice of his rights with regard to the excess funds. The notice was returned to the clerk as undeliverable, and the record is unclear whether the clerk immediately resent the notice to a different address.

On March 30, 2012, the clerk of the trial court sent Robert a second Notice of Excess Funds to a different address. The record establishes that Dorothy received the second notice. Although the record also reflects that an attorney representing Dorothy contacted the clerk in April of 2012, no documents were filed on Dorothy's behalf.

In February of 2014, the County and the School District filed a petition to obtain the excess proceeds pursuant to section 34.04(a) of the Texas Tax Code. Section 34.04(a) provides, in pertinent part, "A person, including a taxing unit . . ., may file a petition in the court that ordered the seizure or sale setting forth a claim to the excess proceeds. The petition must be filed before

---

[1] According to Dorothy's brief, C R Delk acquired the property in the 1890s, and the title to the property passed by inheritance to Robert's father and then to Robert, who was C R's grandson.

the second anniversary of the date of the sale of the property." TEX. TAX CODE ANN. § 34.04(a) (West 2015). The record establishes that Dorothy received a copy of the petition. The record also reflects that a hearing was held on the petition in March of 2014; however, the trial court declined to sign an order on the petition because the two year period in which such a petition can be filed had expired.

In June of 2014, the County and the School District filed a motion asserting they were entitled to the excess proceeds pursuant to section 34.03(b) of the Code. Section 34.03(b) provides, in pertinent part, "If no claimant establishes entitlement to the proceeds within [two years after the date of the foreclosure sale], the clerk shall distribute the excess proceeds to each taxing unit participating in the sale." TEX. TAX CODE ANN. § 34.03(b) (West 2015).

On July 3, 2014, the trial court signed an order directing the clerk to distribute the excess proceeds to the County and the School District. On July 10, 2014, Dorothy's attorney filed an untimely motion to deny the motion filed by the County and the School District. On July 25, 2014, Dorothy timely filed her notice of appeal of the trial court's order distributing the excess proceeds.

## DISCUSSION

When excess proceeds from a property tax foreclosure sale are received by the clerk of the trial court, the clerk is statutorily required to send written notice to the former owner stating the amount of the excess proceeds and informing the former owner of the right to claim the excess proceeds under section 34.04 of the Code. TEX. TAX CODE ANN. § 34.03(a)(1) (West 2015). In enacting section 34.04 of the Code, "the legislature chose to impose a time limit for a party, even the former owner, to pursue a claim to the [excess] proceeds." *Bryan Ind. Sch. Dist. v. Cune*, No. 14-09-00062-CV, 2010 WL 2541841, at *4 (Tex. App.—Houston [14th Dist.] June 24, 2010, pet. denied) (mem. op.). Although section 34.03(a)(1) statutorily mandates the clerk of the trial court send written notice to the former owner regarding the right to claim the excess proceeds, the

legislature did not start the two year period for doing so on the date the former owner receives the notice or even on the date the notice is sent. Instead, the statute requires a petition setting forth a claim to the excess proceeds to be filed "before the second anniversary of the ***date of the sale*** of the property." TEX. TAX CODE ANN. § 34.04(a) (West 2015) (emphasis added). If no such petition is filed within the two year time limit, the statute requires the clerk to pay the excess proceeds to the taxing units that participated in the sale. *Id*. at § 34.03(b).

Two of our sister courts have discussed the due process implications of a former property owner forfeiting his or her rights to the excess proceeds where the clerk of the trial court did not send the notice required by section 34.03(a)(1) or where the former property owner did not receive the notice. *Compare Coleman v. Victoria County*, 385 S.W.3d 608, 611-612 (Tex. App.—Corpus Christi 2012, no pet.) (holding due process rights violated where clerk did not send notice) *with Bryan Ind. Sch. Dist.*, 2010 WL 2541841, at *4-5 (questioning existence of right to due process and holding no exception to the two year limit exists where former owner does not receive the clerk's notice). While we believe *Coleman* contains the better reasoning, we need not revisit this issue. Even if we were to hold that due process requires the two year period to start on the date the former property owner receives notice under section 34.03(a)(1), the record establishes that Dorothy received the notice more than two years before the date the trial court signed the order on July 3, 2014, distributing the excess proceeds to the County and the School District.[2] Accordingly, we affirm the trial court's order.

**CONCLUSION**

The trial court's order is affirmed.

Luz Elena D. Chapa, Justice

---

[2] As previously noted, the record reflects the clerk of the trial court was contacted in April of 2012 by an attorney representing Dorothy who stated Dorothy had received the second notice of excess funds sent on March 30, 2012.