

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00077-CV
_____

TATUM ISD, ET AL., Appellants

V.

ALONZA MCALLISTER, ET AL., Appellees

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. 2019-179

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Tatum Independent School District appeals the trial court's order permitting Darnell McAllister to recover $70,471.18 in excess proceeds that remained after his property was sold to satisfy $18,801.84 in past-due ad valorem taxes owed to Tatum. Because we find no abuse of discretion in the trial court's decision to release the excess proceeds to Darnell, we affirm its order.

## I.      Factual Background

In 2019, Tatum brought suit against Alonza McAllister, Leola McAllister, and Darnell McAllister to recover $18,801.84 in delinquent ad valorem taxes. While Darnell was served with process, the trial court appointed an attorney ad litem on behalf of Alonza and Leola, who were issued citations by posting. Tatum obtained a default judgment against Darnell and noted that Alonza and Leola's attorney ad litem was present at the final hearing. After the hearing, the trial court entered a final judgment in 2023, permitting a tax foreclosure sale under Section 34.01 of the Texas Tax Code. *See* TEX. TAX CODE ANN. § 34.01 (Supp.).

After the foreclosure sale on April 4, 2023, $70,471.18 in excess proceeds remained and were deposited into the registry of the court. *See* TEX. TAX CODE ANN. § 34.021. As a result, the Rusk County District Clerk sent a May 10, 2023, notice of excess proceeds to Darnell, which he received on May 18, 2023. *See* TEX. TAX CODE ANN. § 34.03 (Supp.). On April 16, 2025, Darnell filed a motion to withdraw the excess proceeds from the trial court's registry. The trial court granted Darnell's request and ordered the district clerk to deliver the proceeds to Darnell.

2

Tatum filed a motion asking the trial court to reconsider its order because Section 34.04(a) of the Texas Tax Code required a claim for excess proceeds to "be filed before the second anniversary of the date of the sale of the property." *See* TEX. TAX CODE ANN. § 34.04(a). Since the property was sold on April 4, 2023, Tatum argued that Darnell's petition was twelve days late. The trial court granted Tatum's motion to reconsider its order.

In response to Tatum's argument, Darnell argued that he was unaware of the date of the sale of the property, that the notice of excess funds only mentions the date of April 28, 2023, when the excess proceeds were received, and that, as a result, Darnell believed he had until April 28, 2025, to file a petition for the excess proceeds. Although the clerk's record contains a sheriff's return on the order of sale, which would inform Darnell of the date of the sale, nothing shows that the notice was mailed to Darnell. The trial court made written findings in a letter stating that "[Darnell] was not notified nor did he have information as to when the property was sold," and that "[Darnell] did appear in person at the [d]istrict [c]lerk's office before April 5, 2025[,] to claim the excess proceeds that were rightfully his."

At the hearing on the motion to reconsider, Darnell swore that he was unaware of the date of the foreclosure sale and that, on March 30, 2025, he appeared in person at the district clerk's office to make arrangements to collect the excess funds. According to Darnell, the district clerk informed him that he needed to file a petition to seek the excess funds, which prompted him to hire counsel to do so. After argument, the trial court reiterated the findings from its earlier letter ruling by making the following comments from the bench:

> I don't think that Mr. McAllister ever was really notified or had the information that he needed that the property was sold on April 4th, 2023.

3

As soon as he was made aware and understood that there were excess funds, it's my understanding that he went directly to the district clerk's office here in this building, and he did that before April 5th of 2025[,] to claim the proceeds. I'm not sure what happened in that office, but I do think that Mr. McAllister did all that he thought he needed to do. He did his best. He thought it was the right thing to do. And he did make a claim in that office.

So I think that this concept of equitable tolling would apply in this case. I think it's unduly harsh to say that Mr. McAllister is not entitled to these excess proceeds. I think he did everything he thought he could do in good faith to claim those proceeds. And so I'm going to order that those proceeds be paid to him.

On August 29, 2025, the trial court ordered the district clerk to deliver the excess proceeds to Darnell.

## II.     Standard of Review

"Funds tendered into the court's registry are subject to the trial court's control . . . ." *Spalding v. Bennett*, No. 02-21-00398-CV, 2022 WL 2176521, at *7 (Tex. App.—Fort Worth June 16, 2022, no pet.) (mem. op.) (citing *In re Victory Energy Corp.*, 431 S.W.3d 728, 730 (Tex. App.—El Paso 2014, orig. proceeding); *Northshore Bank v. Com. Credit Corp.*, 668 S.W.2d 787, 790 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.)). For this reason, "the court enjoys great latitude in dealing with" funds on deposit in its registry. *Sanders v. AMG Cityview Apartments LLC*, No. 01-24-00539-CV, 2025 WL 1256619, at *2 (Tex. App.— Houston [1st Dist.] May 1, 2025, no pet.) (mem. op.) (quoting *Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 686 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (en banc)); *Spalding*, 2022 WL 2176521, at *7 (citing *Burns v. Bishop*, 48 S.W.3d 459, 467 (Tex. App.—Houston [14th Dist.] 2001, no pet.)); *Mount Vernon United Methodist Church v.*

*Harris Cnty.*, No. 14-16-00590-CV, 2017 WL 1512251, at *2 (Tex. App.—Houston [14th Dist.] Apr. 25, 2017, no pet.) (mem. op.) (quoting *Burns*, 48 S.W.3d at 467).

Accordingly, "[a]ppellate courts review a trial court's order disbursing funds from the trial court's registry for an abuse of discretion." *Spalding*, 2022 WL 2176521, at *7; *see Fernandez v. Manwani*, No. 04-16-00562-CV, 2017 WL 4272352, at *2 (Tex. App.—San Antonio Sept. 27, 2017, no pet.) (mem. op.). "An abuse of discretion occurs when the trial court acts in an arbitrary and unreasonable manner or without regard for guiding rules and principles." *Fernandez*, 2017 WL 4272352, at *2 (citing *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012)).

"When reviewing a trial court's order for an abuse of discretion, the trial court's findings of fact and conclusions of law aid us in our review by providing an explanation for the trial court's decision." *Id.* (citing *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852 (Tex. 1992) (orig. proceeding)).

III.    Analysis

"The procedures for tax sale and redemption can be found in Chapter 34 of the Tax Code." *Franks v. Woodville Indep. Sch. Dist.*, 132 S.W.3d 167, 169 (Tex. App.—Beaumont 2004, no pet.) (per curiam) (citing TEX. TAX CODE ANN. §§ 34.01–.23). The relevant provisions in this case are Sections 34.01, 34.03, and 34.04, which are designed to prevent escheat, "a procedure by which a sovereign state acquires title to abandoned property if no rightful owner

5

appears after a specified time period." *Coleman v. Victoria Cnty.*, 385 S.W.3d 608, 611 (Tex. App.—Corpus Christi–Edinburg 2012, no pet.).

Under Section 34.03, the clerk must notify a former owner of property that excess funds have been deposited with the registry of the court. TEX. TAX CODE ANN. § 34.03(a). The notice must "inform[] the former owner of that owner's right[] to claim the excess proceeds under Section 34.04." TEX. TAX CODE ANN. § 34.03(a)(1)(B). The clerk must keep the excess proceeds for "two years after the date of sale" of the property, "unless otherwise ordered by the court." TEX. TAX CODE ANN. § 34.03(a)(2). Although it is not a statute of limitations, Section 34.03(b) states,

> If no claimant establishes entitlement to the proceeds within the [two-year] period . . . , the clerk shall distribute the excess proceeds to each taxing unit participating in the sale in an amount equal to the proportion its taxes, penalties, and interests bear to the total amount of taxes, penalties, and interest due all participants in the sale.

TEX. TAX CODE ANN. § 34.03(b); *see Franks*, 132 S.W.3d at 171 (stating that Section 34.03 is not a limitations provision).

The trial court found that Darnell appeared in person before April 5, 2025, "to claim the excess proceeds." Since Darnell claimed entitlement to the proceeds by speaking with the district clerk before the expiration of the two-year period, the district clerk did not release the excess proceeds to Tatum.

Next, Section 34.04 states that "[a] person[] . . . may file a petition in the court that ordered the seizure or sale setting forth a claim to the excess proceeds. The petition must be filed before the second anniversary of the date of the sale of the property." TEX. TAX CODE ANN.

6

§ 34.04(a). Thus, although Darnell made a claim for excess proceeds with the district clerk, Tatum argues that the statute of limitations under Section 34.04 barred Darnell from recovering the proceeds because his petition was not filed within the second anniversary of the date of the sale of the property.[1]

We need not address the issue of equitable estoppel because, here, the trial court found that Darnell did not have notice of the property's date of sale—a finding that raised due process concerns. Under Section 34.01(c), "[t]he officer charged with the sale shall give written notice of the sale . . . to each person who was a defendant to the judgment." TEX. TAX CODE ANN. § 34.01(c). Chapter 34 of the Texas Tax Code "addresses constitutional concerns of due process by requiring specific notice[s]." *Coleman*, 385 S.W.3d at 612. The appellate record shows that the sheriff's notice of sale was e-filed and mailed to the attorneys involved in the case, but nothing shows that the notice was sent to Darnell, a pro se defendant. As a result, the trial court's finding that Darnell did not have notice of the date of sale is supported by the record.

Under the unique circumstances of this case, we find no abuse of discretion in the trial court's decision to award Darnell the excess proceeds instead of providing Tatum with a $70,471.18 windfall. As a result, we overrule Tatum's points of error.

---

[1] We note that, although Section 34.04 requires a petition to be filed within two years of the date of sale, it is dissimilar to traditional cases involving a statute of limitations because, in cases like the one here, "the final judgment is the order granting judgment to the taxing units for unpaid taxes" and "[a]n order granting or denying a petition for disbursement of excess proceeds from a tax foreclosure sale under [Section] 34.04 is a post-judgment order." *Rushmore Loan Mgmt. Servs., LLC v. Harris Cnty.*, No. 01-19-00758-CV, 2021 WL 3501704, at *3 (Tex. App.—Houston [1st Dist.] Aug. 10, 2021, no pet.) (mem. op.).

**IV.    Conclusion**

We affirm the trial court's order of withdrawal from the trial court's registry in favor of Darnell.

Charles van Cleef
Justice

Date Submitted:    March 10, 2026
Date Decided:      April 1, 2026